

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-13-2006

# Toll v. Amer Airlines Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1534

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Toll v. Amer Airlines Inc" (2006). *2006 Decisions*. Paper 1594.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1594

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-1534
_____

BARBARA TOLL,

Appellant

v.

AMERICAN AIRLINES, INC.;
ASSOCIATION OF PROFESSIONAL
FLIGHT ATTENDANTS
_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 04-cv-02399)
District Judge: Honorable Ronald L. Buckwalter
_____

Submitted Under Third Circuit LAR 34.1(a)
January 18, 2006

BEFORE: ROTH, RENDELL and AMBRO, <u>CIRCUIT JUDGES</u>

(Filed February 13, 2006)

_____

OPINION
_____

PER CURIAM

Barbara Toll appeals <u>pro</u> <u>se</u> from the order of the United States District Court for

the Eastern District of Pennsylvania dismissing her complaint with prejudice for failure to

comply with existing pre-filing injunctions and awarding attorneys fees pursuant to Federal Rules of Civil Procedure 11(c). For the reasons that follow, we will affirm the District Court's dismissal of Toll's complaint with prejudice and award of attorneys fees under Rule 11(c) on alternate grounds.

In June 2004, Toll filed an employment discrimination complaint in the District Court against her employer, American Airlines, and her union, the Association of Professional Flight Attendants (APFA). The complaint, summarized by Toll in her appellate brief, alleged that from Fall of 2002 to May 2003, American Airlines forced Toll to undergo an "egregiously burdensome and unnecessary" series of security clearance procedures, including forcing her to submit her fingerprint documentation no less than eight (8) times, made repeated demands for credit checks and letters verifying her employment during a two and one-half year period when Toll was apparently not actively working at American, and interfered with Toll's ability to bid on vacations according to her seniority. Appellant's Informal Brief at 3. She alleged further that American denied her vacation time that she requested for a Jewish holiday because she is "a person of Jewish descent and religion." Id. Her allegations against the APFA are that the APFA failed to properly represent Toll in her attempts to file union grievances regarding American's wrongful actions and they interfered unnecessarily with her efforts to obtain information about her rights to file grievances on her own as an APFA member. Id.

American and the APFA filed separate Rule 12(b)(6) dismissal motions, seeking

2

an order holding Toll in contempt and dismissing her complaint because of her failure to comply with two pre-filing injunctions imposed by the District Court on September 25, 2002, and by the District Court for the Northern District of Texas on June 6, 2002, respectively. The APFA also sought dismissal pursuant to Rule 12(b)(5) for failure to timely serve process, and pursuant to Rule 12(b)(6) for failure to state an employment discrimination claim. Both defendants requested an award of attorneys fees pursuant to Fed. R. Civ. P. 11(c). Toll responded, asserting that her oversight of the pre-filing injunction was not intentional or willful because she was not aware of the injunction at the time she filed the complaint. Toll also disputed that the Texas order applied to filings in the Eastern District of Pennsylvania.[1] As for the pre-filing injunction requirements, Toll argued that the substantive claims could not by definition be "previously litigated," because they were different from her prior claims, and because the factual allegations post-dated both pre-filing injunctions. Although Toll admitted that some of the facts referred to in the complaint had been previously litigated, she explained that these facts were included only for reference and background purposes. She filed a motion to amend the complaint accordingly.[2]

The District Court rejected Toll's excuse for failing to comply with its pre-filing

---

[1] Because we are affirming on alternate grounds we do not reach the issue whether the Texas pre-filing injunction applies to filings in the Eastern District of Pennsylvania.

[2] It appears that the District Court did not decide Toll's motion to amend her complaint.

injunction and the Texas order, finding that Toll's alleged lack of notice "appears to be patently false," and that "she simply ignored" the orders. Noting that Toll had admitted that she had included facts previously litigated in her complaint, the District Court ruled that Toll failed to comply with either pre-filing injunction, granted the defendants' dismissal motions, and dismissed the action with prejudice, reiterating that both pre-filing injunctions were still in effect. On March 21, 2005, the District Court denied reconsideration and sanctioned Toll under Rule 11(c) for violating the pre-filing injunctions by awarding attorneys fees totaling $2,000. Toll timely appealed.

This Court has jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's dismissal of an action for failure to comply with a court order, the imposition of a Rule 11(c) sanctions, and the denial of a motion for reconsideration for abuse of discretion. See National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639 (1976) (dismissal for noncompliance with court order); Doering v. Union County Bd. Of Chosen Freeholders, 857 F.2d 191, 195 (3d Cir. 1988) (Rule 11(c) sanctions); Max's Seafood Café v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999) (reconsideration motion).

In Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984), we directed district courts to balance six factors in determining whether a dismissal with prejudice is an appropriate sanction for noncompliance with a court order. Those six factors are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to comply; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other

4

than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Id. at 868. Not every factor must weigh in favor of dismissal so long as most do. See Mindek v. Rigatti, 964 F.3d 1369, 1373 (3d Cir. 1992).

Without conducting an analysis of the Poulis factors, the District Court found that Toll provided no justification for her failure to comply with the pre-filing injunctions and dismissed the action with prejudice. We have cautioned that punitive dismissal "is a drastic sanction and should be reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff." Donnelly v. Johns-Manville Sales Corp., 677 F.3d 339, 342 (3d Cir. 1982). Here, we cannot say that the District Court erred in finding that Toll ignored the pre-filing injunction. However, Toll displayed a willingness to comply after the fact, which the District Court never addressed. Moreover, the District Court resorted to the most drastic sanction, dismissal with prejudice, without considering alternative measures. Ideally, cases like Toll's never get to the dismissal stage because the proposed complaint is screened before it is accepted for filing and rejected if it does not comply with the pre-filing requirements. Apparently, Toll's complaint was filed without such screening, presumably because she was not required to attach copies of the pre-filing injunctions to her proposed complaint. Given the circumstances in Toll's case, at the most a dismissal without prejudice would have been warranted. We hasten to add, however, that neither pre-filing injunction warns Toll that her failure to comply with the pre-filing order could result in dismissal of her complaint.

5

See e.g., Valentine v. Museum of Modern Art, 29 F.3d 47, 50 (2d Cir. 1994) (holding that the sanction of dismissal should not be imposed against a pro se litigant unless "a warning has been given that noncompliance can result in dismissal").

We will, however, affirm the District Court's dismissal of the complaint with prejudice pursuant to Rule 12(b)(6) for failure to state an employment discrimination claim. On appellate review, we accept as true all factual allegations in the complaint and will affirm a dismissal under Rule 12(b)(6) only if it is certain that no relief can be granted under any set of facts which could be proved. Steamfitters Local Union No. 420 Welfare Fund v. Phillip Morris Inc., et al., 171 F.3d 912, 919 (3rd Cir. 1999). In order to make out a cognizable employment discrimination claim under 42 U.S.C. § 2000e ("Title VII"), Toll must have suffered a tangible adverse employment action such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a significant change in benefits. See Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 761 (1998). Accepting all of Toll's factual allegations and reasonable inferences drawn therefrom as true, as we must, we find that Toll cites no cognizable adverse employment action by American Airlines or by the APFA. Her proposed amendment to the complaint would do nothing to cure the defect. Accordingly, we hold that Toll's complaint was properly dismissed with prejudice pursuant to Rule 12(b)(6).

Turning to the District Court's award of attorneys fees under Rule 11(c), we disagree with the District Court's use of Rule 11 to impose monetary sanctions as a penalty for noncompliance with the pre-filing injunction. Toll's violation of the District

6

Court's pre-filing injunction is more properly adjudicated in the context of a contempt proceeding, not under Rule 11. Having said that, we agree with the District Court's award of attorneys fees in this case for the following reasons.

By signing the papers to be filed, a pro se party certifies "that to the best of the person's knowledge, information, and belief, formed after reasonable inquiry under the circumstances," the motion or pleading is not presented to harass, or to cause unnecessary delay or needless increase in the cost of litigation, it is not frivolous, and the factual allegations or denial of factual allegations are supported on the evidence. Fed. R. Civ. P. 11(b). The history of Toll's litigation against American and the APFA is well-known to the parties and need not be repeated here. Toll, an experienced pro se litigator, has filed numerous Title VII complaints against American Airlines and the APFA similar to the instant complaint. Toll's complaint failed to allege any cognizable adverse employment action by the defendants, an essential element of a Title VII claim, and thus, the frivolous nature of the complaint, alone, supports a finding of a Rule 11 violation in Toll's case. With respect to the amount of attorneys fees, we find that the District Court was careful not to impose money sanctions so great as to be punitive. Toll's brief on appeal offers no reason to reverse or modify the award of attorneys fees. Our review of the record under the abuse of discretion standard leads us to affirm the award of attorney's fees totaling $2,000.

Accordingly, we will affirm the District Court's judgment.

7