IT IS SO RECOMMENDED.

Filed July 30, 2015.

Michael SCOTT, pro se, Terry Scott, pro se, Plaintiffs,

v.

Samuel L. WHITE, P.C., et. al., Defendant.

Civil Action No. 2:08cv97.

United States District Court, E.D. Virginia, Norfolk Division.

Signed Dec. 22, 2014.

Filed Dec. 23, 2014.

Michael Scott, pro se.

Terry A. Scott, pro se.

Matthew James Carr, Richard Johan Conrad, Jr., Stanley G. Barr, Jr., Christy Lee Murphy, (Samuel I. White P.C.), (Wells Fargo, N.A.), (DLJ Mortgage Capital, Inc.), (GE Mortgage Services, LLC), (Wells Fargo Home Mortgage, Inc.), (USA Bank, N.A.), for Defendants.

---

**1.** Plaintiff is the subject of several pre-filing injunctions:

*MEMORANDUM OPINION & ORDER*

RAYMOND A. JACKSON, District Judge.

This matter comes before the Court on Plaintiffs' Motion for Relief from Judgment Under Federal Rules of Civil Procedure 58 & 60. Mot. for Relief from J. Under Fed.R.Civ.P. 58 & 60. ECF No. 27. In bringing the motion, Plaintiffs challenge the validity of two of this Court's orders: the June 5.2009 Order denying their Motion for Relief from Judgment Under Federal Rules of Civil Procedure 59, and the March 14, 2008 Order dismissing their Complaint. Plaintiffs seek one of two remedies from this Court:

1. Enter a written order dismissing the action and a written order disposing of the Rule 59 Motion; or

2. Vacate the Order and Judgment dismissing the Complaint and enter an order remanding the case to the Circuit Court of the City of Virginia Beach.

Plaintiff Michael Scott has brought nearly 30 duplicative and baseless actions in this Court, many of which focus on the foreclosure of two properties in Virginia Beach. He has brought suits against nearly everyone that did anything even remotely connected to these foreclosures. None of his efforts have succeeded, Plaintiffs have also sued at least two judges, who in presiding over Plaintiffs' myriad of baseless cases, found it necessary to impose pre filing injunctions against Scott in an effort to alleviate the strain he exerts upon the court system. To date, five pre-filing injunctions have been entered against Scott.[1]

1) United States District Court for the Eastern District of Virginia, Order of Judge Morgan entered April 13, 1998;

For the reasons set forth below, Plaintiffs' motion is **GRANTED IN PART.**

## I. PROCEDURAL AND FACTUAL HISTORY

Plaintiffs have filed a series of civil actions in this Court and the courts of the Commonwealth of Virginia related to the foreclosure of two properties Plaintiffs formerly owned on Zephyr Court ("Zephyr property" or "Mortgage 1") and Longmont Road ("Longmont property" or "Mortgage 2") in Virginia Beach. To put the instant matter in proper context, the Court briefly reviews the details of just *two* of those suits: *Scott v. Wells Fargo & Co., et al.,* 326 F.Supp.2d 709 (E.D.Va.2003) (hereinafter "Suit 789" or "No. 2:02cv789") and *Scott v. Wells Fargo Home Mortgage, Inc., et al.,* No. 2:03cv786 (hereinafter "Suit 786" or "No. 2:03cv786").

### A. Suit 789

Plaintiffs filed suit on October 4, 2002, alleging federal claims and state claims regarding the foreclosures of the Zephyr property ("Mortgage 1") and Longmont property ("Mortgage 2"). Specifically, Plaintiffs raised federal claims under the Truth in Lending Act ("TILA"), the Racketeer Influenced and Corrupt Organizations Act ("RICO"), The Sherman Act, the Fair Debt Collection Practices Act ("FDCPA"), and the Bankruptcy Code. Plaintiffs raised state and common law claims under the Virginia Consumer Protection Act ("VCPA"), breach of contract, tortious interference, breach of fiduciary duty and trust, trover, conversion, actual and/or constructive fraud, deceit and misrepresentation, and usury.

On January 14, 2003 this Court granted summary judgment for the defendants and stated that Plaintiffs' TILA claim was without merit to both mortgages (for the Longmont and the Zephyr properties), *Scott,* 326 F.Supp.2d at 716. Similarly, the Court stated summary judgment was proper on both properties as to the FDCPA claim. *Id.* at 718. After concluding that Plaintiffs failed to establish federal question jurisdiction and having granted summary judgment against Plaintiffs "on several of Plaintiffs' federal claims," the Court found that Plaintiffs' remaining claims "were supported by alternative state law theories of recovery." *Id.* at 720. Accordingly, the Court found that it lacked subject matter jurisdiction to entertain the suit and "decline[d] to exercise supplemental jurisdiction on those same grounds." *Id.*

This Court concluded that opinion with the warning:

> "Plaintiff is **CAUTIONED** that the Court's dismissal of this action with prejudice is a final decision on the merits, for the doctrine of res judicata bars any further prosecution of this action or any new case *arising out of the same transaction or occurrence,* or *common nucleus of operative facts* as those asserted herein."

*Id.* (emphasis added). The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") affirmed the Court's ruling. *Scott v. Wells Fargo & Co., et al.,*

---

2) Circuit Court for the City of Virginia Beach, Order of Judge Padrick entered June 28, 2001;

3) Norfolk Circuit Court, Order of Judge Poston entered July 2, 2001;

4) United States District Court for the Eastern District of Virginia, Order of the undersigned Judge Jackson entered August 31, 2005;

5) Norfolk Circuit Court, Order of Chief Judge Martin entered September 18, 2009; and

6) United States District Court for the Eastern District of Virginia, Order of the undersigned Judge Jackson entered October 14, 2011.

None of these measures appear to have deterred Scott from his litigiousness.

67 Fed.Appx. 238 (4th Cir.2003) (per curiam).

### B. Suit 786

Plaintiffs filed suit on November 6, 2003, alleging many of the same federal and state claims regarding the foreclosure of the Zephyr property and the seizure of the property. Specifically, Plaintiffs raised federal claims under FDCPA, the Fair Credit Reporting Act ("FCRA"), the Administrative Procedures Act ("APA"), National Housing Act ("NHA"), the Civil Rights Act, 42 U.S.C. § 1983, and the 4th, 13th and 14th amendments of the U.S. Constitution. They raised state and common law claims of economic duress, abuse of process, tortious interference with contractual relations, trespass, libel and slander, rescission of contract, breach of fiduciary duty and trust, unjust enrichment, actual and/or constructive fraud, deceit and misrepresentation, unauthorized use of name, insulting words, and violations of the VCPA, the Virginia Fraudulent Conveyance Law, Virginia Unlawful Detainer Law, and Article I of the Virginia Constitution.

On December 15, 2004, the Court granted summary judgment for the defendants on the federal claims. In its decision, this Court noted that Plaintiffs, impeded by a pre-filing injunction to bring their action in state court, included federal claims in their complaint in an effort to create jurisdiction before the Court. The Court also reminded Plaintiffs that *res judicata* was a bar to their claims. It stated:

> To the extent that Plaintiff's continue to attack the validity of any previous notes or deeds of trust, *despite repeated rulings by the Court* that the validity of those transactions have been long since settled under *res judicata, the Court admonishes Plaintiffs that such claims are frivolous and will not be further tolerated by the Court.*

No. 2:03cv786, 9, ECF No. 102 (emphasis added). Finding that it did not have original jurisdiction over the remaining claims, the Court dismissed the state claims for lack of subject matter jurisdiction and stated that they should be raised by Plaintiffs in the courts of the Commonwealth of Virginia. *Id.* at 19.

Underscoring the seriousness of Plaintiff Michael Scott's conduct, the Court issued a prefiling injunction. On July 29, 2005, finding this Court failed to give Plaintiffs notice of its intent to issue the pre-filing injunction and an opportunity to respond as required by *Cromer v. Kraft Foods N. Am., Inc.,* 390 F.3d 812, 819 (4th Cir.2004), the Fourth Circuit vacated the pre-filing injunction and remanded on that point alone. *Scott v. Wells Fargo Home Mortg., Inc.,* 143 Fed.Appx. 525, 526 (4th Cir.2005) (per curiam). The Fourth Circuit affirmed "all the [other] orders issued by the district court in th[at] case." *Id.*

Consequently, on August 4, 2005, this Court issued a notice to Plaintiffs indicating the Court's intent to issue a pre-filing injunction. The Court gave Plaintiffs fifteen (15) days to respond. Plaintiffs failed to respond within the given timeframe.

On August 23, 2005, Plaintiffs requested an additional three weeks to respond without providing just cause for such a request. In an order dated August 31, 2005, and filed September 2, 2005, this Court denied Plaintiffs' request and issued the pre-filing injunction which requires Plaintiffs to request leave to file suit and outlines a series of procedural steps that must be followed in order for said request to be granted.

The terms of this Court's August 31, 2005 pre-filing injunction apply to any federal court litigation which:

> (1) is brought against any of the following Defendants—Wells Fargo Home Mortgage, Inc., G.E. Mortgage Services,

L.L.C., Samuel I. White, P.C., Carolyn B. Leen, or Samuel I. White; or

(2) touches on any matter raised before the Court in this matter or in *Scott v. Wells Fargo Home Mortg., Inc.*, 326 F.Supp.2d 709 (E.D.Va.2003).

On February 8, 2008, in Virginia Beach Circuit Court, Plaintiffs filed yet another Complaint against the same defendants they had sued in this Court previously—Samuel I. White, P.C., DLJ Mortgage Capital, Inc., Wells Fargo Bank, NA, GE Mortgage Services, LLC, Wells Fargo Home Mortgage, Inc., and U.S. Bank. Notice of Removal, Ex. 1 at 8–9, ECF No. 1. As to the Longmont property, Michael Scott once again recycled familiar allegations: federal violations of FDCPA, FCRA, TILA and Real Estate Settlement Procedures Act ("RESPA") and numerous state claims including negligent and intentional infliction of emotional distress, breach of fiduciary duty, voidance of foreclosure, defamation, insulting words, unauthorized use of name, usury, breach of contract, tortious interference with contract, and unjust enrichment. *Id.* at 9. Several state claims regarding the Zephyr property were raised by Terry Scott. *Id.* at 20–21.

On February 25, 2008, Defendants tiled a Notice of Removal, CL08–0737. ECF No. 1. On March 4, 2008, Defendants filed a Motion to Dismiss with supporting memorandum, ECF Nos. 2 & 3. On March 10, Plaintiffs filed a Motion to Remand. ECF No. 6. On March 14, 2008, this Court granted Defendant's Motion to Dismiss Plaintiffs' Complaint because it violated the Court's pre-filing injunction. ECF No. 10. The Clerk mailed copies of the Order to Plaintiffs on the same day. Also on March 14, 2008, the Clerk filed the Judgment and mailed copies to Plaintiffs.

On March 18, 2008, Plaintiffs filed a Motion to Supplement Motion for Preliminary Injunction. ECF No. 12. On March 19, 2008,[2] Plaintiffs filed a Motion for Relief from Judgment. ECF No. 13. Though not expressly stated therein, Plaintiffs now contend the motion was made pursuant to Rule 59. Mem. in Supp. of Mot. for Relief Under Fed.R.Civ.P. Under 58 & 60 "hereinafter Mem. in Support", 3. ECF No. 27. A motion under Rule 59, however, is put forth to request a new trial or that a judgment be altered or amended. A motion for relief from judgment is properly filed under Rule 60. In any case, the Court denied Plaintiffs' motion by Text Order dated June 5, 2009, because Plaintiff failed to offer a meritorious reason to grant relief from the Court's judgment. On June 5, 2009, by a separate Text Order, the Court denied Plaintiff's Motion to Supplement Motion for Preliminary Injunction because the motion was filed after the Court had dismissed the Complaint on March 14, 2008.

In the interim, Plaintiffs did not fade away into the night. As evidenced by their conduct in other cases before this Court, Plaintiffs' litigiousness only increased. In response, on October 14, 2011, in *Scott v. U.S. Bank, NA*, No. 2:09cv516, this Court ordered that all future actions filed by Plaintiffs in this Court be subject to pre-filing review. *Scott v. U.S. Bank, NA*, 2011 WL 10618730 *3 (E.D.Va. Oct. 14, 2011) (finding such action necessary as "Plaintiff has attempted to circumvent the Court's pre-filing injunction . . . and with this action has filed a baseless Amended Complaint and motion after baseless motion in what is clearly an attempt to vex and harass the Defendants and this Court."). The Fourth Circuit affirmed this

---

**2.** In the instant motion, Plaintiffs states the Motion for Relief from Judgment was filed on March 18, 2008. That is incorrect. The Motion was mailed on March 18, 2008 but filed when received the next day.

Court's decision. *Scott v. U.S. Bank NA,* 473 Fed.Appx. 269 (4th Cir.2012) (per curiam).

On November 15, 2013, more than four years after this Court's June 5, 2009 Order, the Clerk received a letter from Plaintiffs inquiring about the status of their motion. ECF No. 14. On November 26, 2013, the Clerk sent Plaintiffs a form letter entitled "Notice Regarding Text Only Orders" and a copy of the docket sheet which indicated that the motion had been denied. ECF No. 15. One day prior, on November 25, 2013, Plaintiffs filed a Notice of Appeal. Pls.' Notice of Appeal, ECF No. 16. The Notice of Appeal contained a Certificate of Service, signed by Michael Scott, which stated that Scott mailed a copy of the Notice of Appeal to counsel for one of the defendants on November 23, 2013. *Id.* at 2. On March 13, 2014, the Fourth Circuit dismissed Plaintiffs' appeal for lack of jurisdiction because the Notice of Appeal was not timely filed. ECF No. 21.

On July 2, 2014, Plaintiffs filed the instant Motion and supporting memorandum. ECF Nos. 26 & 27.

## II. LEGAL STANDARDS

■ The pleadings of a *pro se* plaintiff must be construed liberally by courts. *T.W. v. Hanover Cnty. Pub. Schools,* 900 F.Supp.2d 659, 663 (E.D.Va.2012) (citing *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007)). However, the Court is not permitted to act as the litigant's advocate and construct legal arguments that the plaintiff has not made. *Id.* (citing *Brock v. Carroll,* 107 F.3d 241, 242–43 (4th Cir.1997) (Luttig, J., concurring); *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir.1985)). With this standard in mind, the Court reviews the grounds raised by Plaintiffs in seeking relief.

## III. DISCUSSION

### A. Validity of the Court's June 5, 2009 Order

**1. The Court's Order Did Not Comply with the Federal Rules of Civil Procedure**

■ Plaintiffs argue that this Court failed to comply with Federal Rule of Civil Procedure 58 when it did not enter judgment on a separate document. Plaintiffs contend this action denied them due process and blocked their right to appeal by the Fourth Circuit. Plaintiffs' argument is misplaced. A motion for relief from judgment pursuant to Rule 59, does not require a separate document. *See* Fed.R.Civ.P. 58(a)(4). Though Plaintiffs cite Rule 58, they do so incompletely. Rule 58 states, in relevant part:

Entering Judgment

(a) Separate Document. Every judgment and amended judgment must be set out in a separate document, but a separate document is *not* required for an order disposing of a motion:

(1) for judgment under Rule 50(b);

(2) to amend or make additional findings under Rule 52(b);

(3) for attorney's fees under Rule 54;

(4) for a new trial, or *to alter or amend the judgment, under Rule 59;* or

(5) for relief under Rule 60.

Fed.R.Civ.P. 58(a)(4) (emphasis added).

As Plaintiffs have stated, theirs was a Rule 59 motion. Though it might have been construed as a motion under Rule 60 because of how Plaintiffs titled it (i.e., "Motion for Relief from Judgment"), for purposes of Rule 58, the distinction is of no matter. In either case, Rules 58(a)(4) and (5) clearly state that a separate document is not required. *See also Hentif v. Obama,* 733 F.3d 1243, 1246 (D.C.Cir.2013) (stating

"[a] motion to reconsider pursuant to Rule 59 does not require a separate document.").

If a separate document is not required, judgment is entered when the judgment is entered in the civil docket under Rule 79(a). Fed.R.Civ.P. 58(c)(1). Rule 79(a)(3) defines "Contents of Entries":

> Each entry must briefly show the nature of the paper filed or writ issued, the substance of each proof of service or other return, and the substance and date of entry of each order and judgment. When a jury trial has been properly demanded or ordered, the clerk must enter the word "jury" in the docket.

This Court's Text Only Order which stated,

> ORDER denying *13* Motion There is no meritorious reason offered to grant relief from the Court's judgment. Signed by District Judge Raymond A. Jackson on June 5, 2009. (Jackson, Raymond) (Entered: 06/05/2009)

On its face, this entry satisfies the requirements of Rule 79(a)(3). The posting indicated the nature of the paper filed, an order (written as: ORDER); the substance of the order (that the district court had denied the motion for relief from the Court's judgment); and the date of entry (June 5, 2009). *See Hentif*, 733 F.3d at 1246–47.

Rule 79(a)(2) states:

> The following items must be marked with the file number and entered chronologically in the docket:
>
> (A) papers filed with the clerk;
>
> (B) process issued, and proofs of service or other returns showing execution; and
>
> (C) appearances, orders, verdicts, and judgments.

First, Rule 79 does not explicitly state that only the Clerk may "mark" or "enter" an order in the docket. Second, by including the numbered hyperlink (*13*), which corresponded to Plaintiffs' Motion (which itself contained the file number), this Court's order satisfied the Rule 79(a)(2)(C) requirement that the order be "marked" with the file number. Third, the order was posted chronologically in the docket. Thus, the Court's use of a Text Only order to dispose of Plaintiffs' motion does not violate Rule 79.

## 2. The District Court's Docket Entry Violated Due Process, Equal Protection and Its Local Rule 1 and E–Filing Policies and Procedures Rule 1 Adopted

Local Civil Rule 1 states:

> Effective March 26, 2007, all documents filed with the Court must be filed through the Electronic Case Filing System, except as provided otherwise in the Court's Electronic Case Filing Policies and Procedures manual ("manual") which is promulgated and revised by the Clerk. The manual governs if there is a conflict between it and these Local Rules as to the technicalities of electronic case filing.

LAR 1.

The Electronic Case Filing Policies and Procedures manual issued by the Eastern District of Virginia states:

> Orders and judgments entered or issued by the Court will be filed in accordance with these E–Filing Policies and Procedures. Such filing shall constitute entry on the docket kept by the clerk under Fed.R.Civ.P. 58 and 79 and Fed. R.Crim.P. 55.

> All signed orders and judgments will be electronically filed and entered on the docket by the clerk's office. Orders and judgments bearing the electronic signature of a judge shall have the same force and effect as if the judge had affixed a signature to a paper copy, which had

been entered on the docket in a conventional manner.

E.D. Va. Electronic Case Filing Policies and Procedures 24 [hereinafter "ECF manual"].

Plaintiff argues that when this Court entered its Text–Only order it violated its ECF manual which states that "[a]ll signed orders and judgments will be electronically filed and entered on the docket by the clerk's office," which, by extension, was a violation of Rule 79 and Local Rule 1. The Court disagrees.

Local rules must be "consistent with" federal statutes and the federal rules. *See* Fed.R.Civ.P. 83(a). The ECF manual is not intended to be a restraint on how judicial officers dispose of cases. As a general rule, orders are prepared and signed by judges, then filed and entered in the docket by the Clerk's office. This general rule is reflected in the ECF manual. With the advent of electronic filing, however, the use of "Text Only" or "gavel" orders has been adopted by district court judges across the country as a means to expedite litigation. This feature allows a judicial officer to enter an order directly in the document. Provided that the order is marked with the file number and entered chronologically, which, as explained above, it is in this case, such an order complies with Rule 79, regardless whether it was entered by the clerk or the judge.

### 3. Plaintiffs' Right to Appeal Were Affected by Lack of Notice

█ Plaintiffs contend the use of Text Only Orders works to their disadvantage as the Court does not have rules to provide notice to non-ECF user litigants[3] of docket entries. This, in turn, affects Plaintiffs' appeal rights. Plaintiffs are incorrect on both points.

### a. Notice Regarding Text–Only Orders

In Chapter three, "Policies and Procedures," the ECF manual states:

Immediately following the entry of an order or judgment on the docket, the CM/ECF system will transmit to filing users in the case, in electronic form, a Notice of Electronic Filing (NEF). Electronic transmission of the NEF, with a hyperlink to the document, constitutes the notice required by Fed. R.Civ.P. 77(d) and Fed. R.Crim.P. 49(c). *To the extent that notice is required, the clerk will give notice in paper form to people who are not registered ECF filing users.*

ECF Manual, 25 (emphasis added). Thus, it is the standard practice of this Court to mail a notice of the disposition to *pro se* litigants. With respect to Text Only orders, court personnel will send a copy of the docket sheet, or, in the case of a large docket sheet such as Plaintiffs', only the page of docket sheet containing the Text Only Order entry, together with a form letter entitled "Notice Regarding Text Only Orders" to the *pro se* litigant.

Plaintiffs state that they did not receive notice of the Court's order until November 2013. Specifically, Plaintiffs contend that Michael Scott sent a letter to the Clerk's office inquiring about the status of their motion. In that letter he stated, "[t]o date, I have not received any notification." Pls.' Letter to Clerk. This letter was dated November 14, 2013 and filed the following day on November 15, 2013. Plaintiffs state that "*[I]n response,*" the Clerk's office provided them with a "Notice Regarding Text Only Orders" and a copy of the docket sheet filed on November 26, 2013. Mem. in Supp. 2 (emphasis added). Because Plaintiffs do not mention having any

---

**3.** Only attorneys admitted to the Eastern District of Virginia bar or attorneys with the Eastern District of Virginia U.S. Attorney's

Office may register for filing in CMJECF system. *Pro se* litigants are not eligible.

other communication with the Clerk's office, and explicitly state that the Clerk's letter was the response received from the Clerk's office, Plaintiffs are effectively contending that their only notice of the June 5, 2009 Order was the Clerk's November 26, 2013 mailing.

Interestingly, however, Plaintiffs took two actions prior to November 26, 2013, which undermine their contention regarding lack of notice. First, *on November 25, 2013,* one day prior to the Clerk's mailing, Plaintiffs filed a Notice of Appeal with this Court regarding three orders this Court issued, including the June 5, 2009 order dismissing Plaintiffs' motion for relief from judgment. Second, the same Notice of Appeal included a Certificate of Service, signed by Michael Scott, which states that Scott mailed a copy of the Notice of Appeal to counsel for one of the Defendants *on November 23, 2013.* The only way Plaintiffs could have included the June 5, 2009 Order in their appeal is if they had received notice of the Order *prior to* the mailing by the Clerk on November 26, 2013. In other words, the fact that Plaintiffs knew of the June 5, 2009 Order prior to the Clerk's November 26, 2013 mailing leads this Court to believe Plaintiffs are not being candid with the Court in making their lack of notice argument.

As it has been stated numerous times by this Court, Plaintiff Michael Scott is a contumacious litigant with a history of vexatious, harassing and repetitious lawsuits. He has filed at least 27 *pro se* cases in this Court alone. Indeed, during the same period Plaintiffs claim they had failed to receive notice on the motion in this case, Plaintiffs were actively engaged in personally litigating a string of other cases before this Court[4], including filing or attempting to file ten (10) subsequent lawsuits in this court after the June 5, 2009 order was issued.[5] In the instant motion Plaintiffs even cite to an order in one such case which was filed on November 27, 2012. Mem. in Supp. 11. Despite Plaintiffs' continued and unrelenting presence before this Court, the Court was never apprised that Plaintiffs had not received notice of its June 5, 2009 order until 2013.

Though the Court is aware the Fourth Circuit does not impose a general duty to monitor the docket, *Robinson v. Wix Filtration Corp. LLC,* 599 F.3d 403, 411 (4th Cir.2010), litigants do have a duty to act with diligence. *Id.* at 413. The Court understands Plaintiffs' contention that the Clerk's office stated it would follow up with him concerning the disposition of the motion in question. Notwithstanding the statement by the Clerk's office, it is incredible that any litigant, especially one with such an active presence before this Court, would not have contacted the Clerk's office within those intervening four years. What is even more incredible is

4. *See e.g., Scott v. Wachovia Dealer Services, Inc., et. al.,* No. 2:08cv67, filed February 6, 2008, closed January 28, 2010.

5. *Scott v. Samuel I White, et al.,* 01, No. 2:09mc11, filed June 5, 2009, closed June 12, 2009 (leave denied); *Scott v. U.S. Bank, NA, et al.,* No. 2:09mc12, filed June 22, 2009, closed September 4, 2009 (leave denied); *Scott v. U.S. Bank, NA, et al.,* No. 2:09cv516, filed October 13, 2009, closed October 14, 2011; *Scott v. U.S. Bank, NA, et al.,* No. 2:09mc19, filed September 9, 2009, closed October 13, 2009; *Scott v. Norfolk Circuit Court, et al.,* 2:10mc10, filed June 17, 2009, closed June 25, 2010 (leave denied); *Scott v. Norfolk Circuit Court, et al.,* 2:10mc11, filed June 28, 2010, closed July 6, 2010 (leave denied); *Scott v. City of Norfolk, et al.,* 2:10mc20, filed September 16, 2010, closed September 27, 2010; *Scott v. City of Norfolk, et al.,* 2:10cv611, filed December 15, 2010, closed September 30, 2011; *Scott v. City of Virginia Beach, et al.,* 2:10cv625, filed December 21, 2010, closed April 4, 2012; and *Scott v. Lender Processing Services, Inc., et al.,* No. 2:11cv298, filed May 17, 2011, closed April 2, 2012.

that Michael Scott, who knew a foreclosure on his home was looming, failed to update his mailing address in the ECF system. Pursuant to Local Rule 7(B), "[a]ll pleadings filed by non-prisoner litigants proceeding *pro se* shall include an address where notice can be served on such person...." LAR 7(B). To date the foreclosed address, 4753 Longmont Road, remains Plaintiffs' contact information for this case. If Scott was waiting for the Clerk's office to contact him in the instant matter, he should have taken the most basic of steps to ensure such contact could be made by updating his address.

Given what the Court knows of its procedures and Plaintiffs' actions prior to the Clerk's November 26, 2013 letter, the Court is unconvinced Plaintiffs did not receive notice of the June 5, 2009 Order. And assuming there was a lack of notice, the Court believes it was likely due to Plaintiff's lack of diligence to update the address for his own case.

### b. Rule 77(d) States Lack of Notice does not Relieve Time for Appeal

Assuming, *arguendo*, that the Clerk's Office did not give Plaintiffs notice of this Court's order, Plaintiffs' lack of notice does not affect the time for appeal.

Federal Rule of Civil Procedure 77(d) states:

> Lack of notice of the entry [of an order] does not affect the time for appeal or relieve—or authorize a court to relieve—a party for failing to appeal within the time allowed, except as allowed by Federal Rule of Appellate Procedure (4)(a).

Fed.R.Civ.P. 77(d)(2).

In turn, Federal Rule of Appellate Procedure (4)(a)(6) states that

> (6) Reopening the Time to File an Appeal. The district court may reopen the time to file an appeal for a period of 14

days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

> (B) the motion is filed within 180 days after the judgment or order is entered *or* within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, *whichever is earlier;* and

> (C) the court finds that no party would be prejudiced.

Fed. R.App. P. (4)(a)(6) (emphasis added). Codified by statute, 28 U.S.C. § 2107(c), these time limits are "mandatory and jurisdictional." *Bowles v. Russell,* 551 U.S. 205, 208–09, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007). In this case, assuming *arguendo,* that conditions (A) and (C) were met, condition (B) clearly was not. A motion by Plaintiffs was due at the earlier date of:

> a) 180 days after the order was entered on June 5, 2009 (i.e., on or before Monday, December 7, 2009); or

> b) 14 days after the moving party received notice under 77(d) of the entry on November 26, 2013 (i.e., Tuesday, December 10, 2013).

The earlier of these two deadlines is December 7, 2009. Thus, in order for the Court to reopen the time to file an appeal, Plaintiffs' motion was required to be filed by December 7, 2009. The instant motion was filed on July 2, 2014, nearly five years later. Therefore, even if the Court was inclined to reopen the time for appeal, it is constrained from doing so.

## B. Validity of the March 25, 2008 Order Dismissing the Complaint

### 1. Judgment is Void Because Court Didn't Give Notice that Dismissal was Possible and the Court Lacked Subject Matter Jurisdiction to Dismiss the State Law Claims

A district court's denial of a motion under Fed.R.Civ.P. 60(b)(4) is reviewed *de novo*. *Wendt v. Leonard*, 431 F.3d 410, 412 (4th Cir.2005). The Fourth Circuit has stated that a motion under Rule 60(b)(4) "is not subject to the reasonable time limitations imposed in the other provisions of Rule 60(b)." *In re Heckert*, 272 F.3d 253, 256–57 (4th Cir.2001) (allowing 60(b)(4) motion filed eight (8) years after the judgment at issue). *See also Bell Helicopter Textron, Inc. v. Islamic Republic of Iran*, 734 F.3d 1175, 1180 n. 1 (D.C.Cir.2013) (first stating that the interpretation of Rule 60(b)(4) as being time-barred is "contrary to this court's precedent as well as that of almost every other circuit court of appeals, all of which reject a time limit that would bar Rule 60(b)(4) motions," and second, citing supporting decisions from the 1st, 2d, 3d, 4th (*In re Heckert*), 5th, 7th, 10th, and 11th circuits.).

■ Rule 60(b)(4) applies in only the rarest of circumstances—where the judgment is "premised either on a certain type of jurisdictional error or on a violation of due process that deprives party of notice or the opportunity to be heard." *United Student Aid Funds, Inc., v. Espinosa*, 559 U.S. 260, 271, 130 S.Ct. 1367, 176 L.Ed.2d 158 (2010). *See also Eberhardt v. Integrated Design & Constr., Inc.*, 167 F.3d 861, 871 (4th Cir.1999) (a judgment is void only if the court that rendered it "acted in a manner inconsistent with due process of law" or the court "lacked jurisdiction of the subject matter, or of the parties.").

### a. No Notice of Possible Dismissal for Violation of Pre-filing Injunction

Plaintiffs argue that the Court "acted inconsistent with due process" when it dismissed their Complaint as they were entitled *Roseboro* notice and opportunity for a hearing that the complaint would be dismissed for violating the pre-filing injunction.

■ All litigants, including those who choose to proceed *pro se*, have an obligation to comply with court orders. *Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 764 (2d Cir.1990) (*pro se* litigants have "no right to ignore or violate court orders"). While pro se status will not shield litigants from a dismissal with prejudice, they should be "made aware of the possible consequences of their actions." *Id.* (finding abuse of discretion where court did not warn *pro se* plaintiff that dismissal with prejudice could result if she failed to comply with court orders to appear at a status conference and for her deposition). Thus, the severe sanction of dismissal with prejudice is proper provided "a warning has been given that noncompliance can result in dismissal." *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir.1994) (finding no abuse of discretion where court gave repeated warnings that dismissal would result if *pro se* plaintiff failed to comply with court order to appear at his deposition). *See also McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121, 125 (2d Cir.1988) (finding no abuse of discretion where court warned plaintiff of possible dismissal for failure to comply with deposition order and plaintiff acted in bad faith by not answering questions put to him during deposition); *Toll v. Am. Airlines, Inc.*, 166 Fed.Appx. 633, 636 (3d Cir.2006) (unreported) (finding no record of delay or contumacious conduct, court determined that at most dismissal without prejudice would have been war-

ranted but also "hasten[ed] to add, however, that neither pre-filing injunction warns Toll that her failure to comply with the pre-filing order could result in dismissal of her complaint.").

■ In this case, the text of the pre-filing injunction did not provide notice that a violation of the injunction would result in dismissal with prejudice. It stated, "[i]f Plaintiffs violate this prefiling injunction, such violation may constitute contempt of court, thus subjecting Plaintiffs to both civil and criminal penalties." However, as explained above, this Court's orders in Suit 789 and Suit 786, gave Plaintiffs adequate notice that once removed to this Court, their Complaint would be dismissed with prejudice.

In the case removed to federal court, Michael Scott alleged violations of four federal laws—FDCPA, FCRA, TILA, and RESPA—as well as state law claims. Mr. Scott stated these claims "relate solely to the plaintiffs [sic] property located at 4753 Longmont Road, Virginia Beach, Virginia 23456." In Suit 789, on January 14, 2003, this Court granted summary judgment to the defendants on the TILA and FDCPA claims Plaintiff raised with respect to the Longmont property. This Court concluded that opinion with the warning:

> "Plaintiff is **CAUTIONED** that the Court's dismissal of this action *with prejudice* is a final decision on the merits, for the doctrine of res judicata bars any further prosecution of this action or any new case *arising out of the same transaction or occurrence,* or *common nucleus of operative facts* as those asserted herein."

*Scott,* 326 F.Supp.2d at 720 (emphasis added).

Thus, Michael Scott was warned five years prior to bringing the 2008 Complaint that alleging violations of TILA and FDCPA as to the Longmont properly would be barred by *res judicata.* With respect to the federal claims under FCRA and RESPA, these are also barred as they arise out of the "same transaction or occurrence or common nucleus of operative facts" as those asserted in Suit 789.

The Court repeated its warning regarding recycled filings nearly two years later in its December 15, 2004 Order in Suit 786 when it stated:

> To the extent that Plaintiffs continue to attack the validity of any previous notes or deeds of trust, *despite repeated rulings by the Court* that the validity of those transactions have been long since settled under *res judicata, the Court admonishes Plaintiffs that such claims are frivolous and will not be further tolerated by the Court.*

No. 2:03cv786, 9 (emphasis added). Therefore, although this Court's pre-filing injunction did not include a general warning that dismissal of Plaintiffs' Complaint could result from a violation of the pre-filing injunction, Plaintiffs received actual notice on two separate occasions years prior to the 2008 filing of their state case that dismissal of claims such as those raised in the removed action, would be dismissed with prejudice if they came before this Court again. For this reason, the Court rejects Plaintiffs' contention that it acted inconsistent with due process when it dismissed Plaintiffs' Complaint.

**b. Lack of Subject Matter Jurisdiction**

Plaintiffs also argue that the dismissal Order is void for lack of subject matter and personal jurisdiction over the claim regarding the Zephyr Court property, and, therefore, subject to collateral attack in the instant motion. Plaintiffs state that they raised these concerns in their Motion for Remand. Specifically, Plaintiffs contend that this Court dismissed the Zephyr property claim after concluding that it lacked subject matter jurisdiction and,

suggested that Plaintiffs pursue the claim in state court where it belonged. Plaintiffs argue that the Court's first dismissal of the Zephyr property claim for lack of subject matter jurisdiction under similar circumstances was *res judicata* and/or collateral estoppel and gave the Court awareness that it had no subject matter jurisdiction over the same claim in this case.

Plaintiffs contend Defendants' removal of the case undermined Plaintiffs attempt to follow the instructions of the Court and pursue the Zephyr property claim in state court. Because the same claim was treated differently in two separate cases, under similar procedural postures, Plaintiffs' due process rights were violated and the dismissal order is void. Plaintiffs request the Court vacate the order and judgment and remand the whole case to the state court.

■■■ Rule 60(b)(4) provides reliefs from judgments that are void. Fed. R.Civ.P. 60(b)(4). A void judgment is a legal nullity. *United Student Aid Funds, Inc.,* 559 U.S. at 270, 130 S.Ct. 1367. "A void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." *Id.* The fact that a judgment is erroneous is not sufficient to establish the judgment is void. *Id.* A motion under Rule 60(b)(4) is not a substitute for a timely appeal. *Id. See also Wendt,* 431 F.3d at 412 (The concept of "void" is narrowly construed because of the threat to finality of judgments and the risk that *pro se* plaintiffs who have a history of bringing vexatious suits "will use Rule 60(b)(4) to circumvent an appeal process they elected not to follow.").

As stated above, Rule 60(b)(4) applies in only the rarest of circumstances—where the judgment is "premised either on a certain type of jurisdictional error or on a violation of due process that deprives party of notice or the opportunity to be heard." *United Student Aid Funds, Inc.,* 559 U.S. at 271, 130 S.Ct. 1367.

■■■ For a judgment to be void for a lack of subject matter jurisdiction, there must be a "total want of jurisdiction" such that the Court that rendered judgment lacked even an "arguable basis" on which it could have rested a finding that it had jurisdiction. *Wendt,* 431 F.3d at 413. Thus, a lack of subject matter jurisdiction will not always render a final judgment void. *Id.* The jurisdictional error must be "egregious" in order to justify treating the error as void. *Id.*

Under 28 U.S.C. § 1441(a), a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, ... to the district court of the United States for the district and division embracing the place where such action is pending." *Higdon v. Lincoln Nat'l Ins. Co.,* 2014 WL 6951290 *6 (D.Md. December 8, 2014). A federal court must satisfy itself that it has jurisdictional power to rule on the merits of a case. *Goldsmith v. Mayor & City Council of Baltimore,* 845 F.2d 61, 64 (4th Cir.1988). If a district court lacks jurisdiction over the action, it cannot rule on the merits of the claim. *Roach v. W. Va. Reg'l Jail & Corr. Facility Auth.,* 74 F.3d 46, 49 (4th Cir.1996) (citing *Bell v. Hood,* 327 U.S. 678, 682, 66 S.Ct. 773, 90 L.Ed. 939 (1946)). The Fourth Circuit has stated:

> "[I]n the absence of another jurisdictional ground, a defendant seeking to remove a case in which state law creates the plaintiffs cause of action must establish two things: (1) that the plaintiffs right to relief necessarily depends on a question of federal law, and (2) that the question of federal law is substantial. If either of these two elements is lacking, removal is improper and the case should be remanded to state court."

*Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir.2004).

Under 28 U.S.C. § 1447(c), if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to the state court. *See Higdon* at \*6. "The plain language of § 1447(c) gives 'no discretion to dismiss rather than remand an action' removed from state court over which the court lacks subject-matter jurisdiction.") *Roach*, 74 F.3d at 49 (quoting *Int'l Primate Prot. League v. Admins. of Tulane Educ. Fund*, 500 U.S. 72, 89, 111 S.Ct. 1700, 114 L.Ed.2d 134 (1991)).

 Under these circumstances, remand should occur whether or not a district court believes the party will be successful in state court. *Maine Ass'n of Interdependent Neighborhoods v. Comm'r, Maine Dept. of Human Servs.*, 876 F.2d 1051, 1055 (1st Cir.1989) ("[T]he fact that we believe a certain legal result *unlikely*, as a matter of state law, is not sufficient grounds for reading an exception into the absolute statutory words 'shall be remanded.' ").

 Provided an order remanding a case to the state court from which it was removed is issued under § 1447(c) *and* invokes *either* a timely filed motion to raising a defect in the removal process *or* the district court's lack of subject matter jurisdiction, the order is not reviewable on appeal or otherwise. *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir.2008); 28 U.S.C. § 1447(d).

In the removed case, Plaintiffs raise ten (10) state law claims regarding the Longmont property and four (4) claims with respect to the Zephyr property. As Plaintiffs noted, this Court had previously stated in yet another action, that:

> [H]aving granted summary judgment against Plaintiffs on all the federal claims, the Court finds that it does not have original jurisdiction over the remaining claims asserted in Plaintiffs' complaint, and that these claims should be raised by Plaintiffs in the courts of the Commonwealth of Virginia. The Court finds *sua sponte* that it lacks subject matter jurisdiction to entertain this suit any further and, the Court declines to exercise supplemental jurisdiction on those same grounds.

*Suit 786* at 19.

Upon further review, the Court finds that it lacked subject matter jurisdiction when it dismissed Plaintiffs' state law claims with prejudice. Where the Court finds no basis for subject matter jurisdiction, § 1447(c) compels the Court to remand the action to state court. Accordingly, remand for lack of subject matter jurisdiction is proper.

Plaintiffs raised other arguments in the instant motion: the Court did not make the dismissal final and appealable, the Order was a criminal contempt order, the dismissal violated Rule 41(b), and Younger abstention requires remand. These arguments are without merit and are not addressed by this order.

## IV. CONCLUSION

For the aforementioned reasons, Plaintiffs' motion is **GRANTED IN PART.** This Court **AMENDS IN PART** its March 14, 2008 Order and **REMANDS** Plaintiffs' state law claims to state court. All other claims for relief requested herein are **DENIED.**

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to counsel of record and to Plaintiffs.

**IT IS SO ORDERED.**