**Alden WERCH, Plaintiff-Appellant,**

v.

**CITY OF BERLIN, et al.,
Defendants-Appellees.**

No. 81–2268.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 22, 1982.

Decided March 17, 1982.

---

James C. Newcomb, Milwaukee, Wis., for plaintiff-appellant.

Jean G. Setterholm, Dewitt, Sundby, Huggett & Schumacher, Madison, Wis., for defendants-appellees.

Before BAUER, POSNER, Circuit Judges, and BUA,* District Judge.

* The Honorable Nicholas J. Bua, United States District Judge for the Northern District of Illinois, Eastern Division, is sitting by designation.

BAUER, Circuit Judge.

Plaintiff-appellant Alden Werch filed this section 1983 civil rights suit against Berlin, a Wisconsin municipal corporation; the Berlin Common Council; eleven Berlin Aldermen, individually and as members of the Common Council; the Berlin Board of Review; five members of the Board of Review, individually and as members of the Board; Harold Kassa, individually and as mayor of Berlin; and Richard Doro, individually and as Berlin City Tax Assessor. Werch's complaint alleges that the defendants, acting under color of state law, deprived him of rights protected by the first, eighth, ninth, and fourteenth amendments. The gravamen of Werch's complaint is that the defendants denied him equal protection of the law by levying personal property taxes on Werch's corn combines when other similarly situated Berlin residents were not so taxed.[1] Werch sought both injunctive relief and damages.

On May 11, 1981, the district court granted defendants' motion to dismiss Werch's complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief could be granted. On July 2, 1981, the district court granted defendants' motion for the taxing of attorney's fees and expenses and ordered Werch to pay $2,112.14 in costs and fees. Werch appeals from both orders. We affirm.

I

Werch seeks both equitable relief and damages. The district court lacks jurisdiction to decide either claim if Werch has a "plain, speedy and efficient remedy" available under Wisconsin law to redress his alleged grievance. The Anti-Injunction Act, 28 U.S.C. § 1341, bars a taxpayer from contesting the validity of a state tax in a section 1983 injunction action if there is a "plain, speedy and efficient" state remedy available. *Rosewell v. LaSalle National Bank*, 450 U.S. 503, 101 S.Ct. 1221, 67

L.Ed.2d 464 (1981). Principles of comity bar a taxpayer from contesting the validity of a state tax in a section 1983 damage action if there is a "plain, adequate, and complete" state remedy available. *Fair Assessment In Real Estate Assoc., Inc. v. McNary,* ⸺ U.S. ⸺, 102 S.Ct. 177, 70 L.Ed.2d 271 (1981). Werch does not deny that there are adequate state law remedies available. As the district court noted:

Wisconsin law provides three separate remedies for excessive or discriminatory assessments. First, a taxpayer may appeal to the local Board of Review under Wis.Stat. § 70.47. Second, a taxpayer who has appeared before the Board of Review may pay the levied tax by January 10 of the year following assessment, and file a claim with the City Council for a refund of the allegedly excessive portion of the assessment. Finally, the taxpayer may appeal to the District Supervisor of Assessments of the Wisconsin Department of Revenue for redetermination of the assessment. If dissatisfied with the decision of the Board of Review or of the Department of Revenue, the taxpayer may appeal by writ of certiorari to the circuit court. The appeal "shall be placed at the head of the circuit court calendar for an early hearing." Wis.Stat. §§ 70.-47(13); 70.85(1).

A taxpayer who alleges that he has been taxed illegally, as contrasted with an excessive assessment, need not appeal to the Board of Review but may at any time within one year following payment of the tax file a refund claim with the tax-collecting jurisdiction. *Bischoff v. Appleton*, 81 Wis.2d 612, 260 N.W.2d 773 (1978); Wis.Stat. § 74.73. If the governing body denies the refund, the taxpayer may then begin a refund action in circuit court. Furthermore, inequitable assessments as well as illegal taxes may be challenged in a § 74.73 proceeding. *Id.; Bauermeister v. Town of Alden*, 16 Wis.2d 111, 113 N.W.2d 823 (1962). In-

---

1. The district court held that Werch's claims based on the first, eighth, and ninth amendments were meritless. Werch has not challenged that portion of the district court order.

During oral argument Werch's counsel conceded that Werch had no claims arising under the three enumerated amendments. We agree.

terest may be recovered on such claims. *Family Hosp. Nursing Home v. Milwaukee*, 78 Wis.2d 312, 254 N.W.2d 268 (1977).

"If for some reason the above appeals procedure is no longer adequate to meet the § 1341 standard, then the plaintiffs in the case at bar have another remedy available to them. The Wisconsin Declaratory Judgment Act, Wis. Stat. § 806.04, provides: 'Any person ... whose rights are affected by a statute ... may have determined any question for construction or validity arising under ... [the] statute ... and obtain a declaration of rights, status or other legal relations thereunder.' Such a determination is reviewable in the same manner as any other judgment or decree. Wis.Stat. § 806.04(7)." *O'Brien v. Dreyfus*, 493 F.Supp. 476, 480 (E.D.Wis.1980).

From the foregoing discussion it appears that under Wisconsin law Werch does have a "plain, speedy and efficient remedy" to argue the unfairness or illegality of tax assessments and levies. Thus, this court is prohibited from enjoining collection of taxes imposed on Werch.

We agree. Because there were adequate state remedies available, the court lacked jurisdiction to decide Werch's claim. The court did not err in dismissing Werch's complaint.

## II

The district court awarded costs and attorney's fees to defendants as the prevailing party pursuant to 42 U.S.C. § 1988 on a finding that Werch's suit was unreasonable, frivolous, meritless, or vexatious. *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978). Werch claims that the district court abused its discretion. We disagree.

█ *Hughes v. Rowe*, 449 U.S. 5, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (per curiam), authorizes the federal courts to award prevailing defendants attorney's fees in a section 1983 suit if the plaintiff's action

is "meritless in the sense that it is groundless or without foundation." *Id.* at 14, 101 S.Ct. at 178. Since at least 1978 it has been well-established in this Circuit that the Anti-Injunction Act bars a section 1983 civil rights suit for injunctive relief against state tax assessments if state law provides an adequate remedy. *Sacks Bros. Loan Co., Inc. v. Cunningham*, 578 F.2d 172 (7th Cir. 1978). *See also Fulton Market Cold Storage Co. v. Cullerton*, 582 F.2d 1071 (7th Cir. 1978), *cert. denied*, 439 U.S. 1121, 99 S.Ct. 1033, 59 L.Ed.2d 82 (1979). Clearly, Werch should have known that his claim for injunctive relief would be dismissed for lack of subject matter jurisdiction. Under these circumstances, Werch's claim for injunctive relief was meritless.

█ Werch sought damages from several municipal bodies in this suit. Municipalities are subject to section 1983 liability only if the plaintiff's injury was caused by enforcement of an official policy. *Monell v. Dept. of Social Serv.*, 436 U.S. 658, 690–95, 98 S.Ct. 2018, 2035–38, 56 L.Ed.2d 611 (1978). Werch's complaint fails to allege that there is a municipal policy being enforced against him. Moreover, Werch's counsel during oral argument was unable to identify the existence of any municipal policy causing Werch's alleged injury. Under these circumstances, Werch's claim for section 1983 damages against Berlin, the City Common Council, and the Board of Review was meritless.

Finally, Werch's complaint sought section 1983 damages from municipal officials who allegedly caused Werch's injury while exercising their taxing authority. In 1981 when Werch filed this lawsuit, the individual defendants were subject to section 1983 liability only if they "violated the plaintiff's clearly established constitutional rights intentionally or with reckless disregard of those rights." *Fulton Market Cold Storage Co. v. Cullerton*, 583 F.2d at 1080. In other words, all of the individual defendants named in this suit had qualified immunity. *Id.*[2] Although Werch was not required to

**2.** Our decision in *Fulton Market* has effectively been overruled by *Fair Assessment In Real*

*Estate Assoc., Inc. v. McNary*, —— U.S. ——,

plead bad faith in his complaint in order to withstand a motion to dismiss, *Gomez v. Toledo*, 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980), his cause of action was meritless if he knew that there were no facts or inferences that could reasonably support a finding that defendants acted in bad faith. In fact, Werch's complaint did plead that the individual defendants acted maliciously, intentionally, and recklessly, but the attached exhibits he incorporated in his complaint belied these allegations. The district court did not err in concluding, on the basis of Werch's complaint, that his section 1983 damage action against the individual defendants was meritless.

We agree with the district court that Werch's suit was meritless. Accordingly, we find that the district court did not err in awarding the defendants attorney's fees.

### III

If we were to assume—which we do not—that there were any grounds for urging reversal of the district court's dismissal of Werch's complaint and assessment of attorney's fees when Werch filed his notice of appeal, those grounds were certainly abrogated by the Supreme Court's intervening decision in *Fair Assessment In Real Estate Assoc., Inc. v. McNary,* —— U.S. ——, 102 S.Ct. 177, 70 L.Ed.2d 271 (1981). Werch continued to litigate this appeal after it clearly became frivolous, unreasonable, and groundless. *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978), quoted with approval in *Hughes v. Rowe*, 449 U.S. 5, 15, 101 S.Ct. 173, 179, 66 L.Ed.2d 163 (1980) (per curiam). Accordingly, we assess costs of appeal and

attorney's fees against Werch. Rule 38, Fed.R.App.P.

The judgment of the district court is AFFIRMED.

---

102 S.Ct. 177, 70 L.Ed.2d 271 (1981), but for purposes of discussing the district court award of attorney's fees, we must view the propriety of the lower court's decision in light of the then existing authority.