**Max I. BITTNER, Plaintiff,**

v.

**SADOFF & RUDOY INDUSTRIES,**
**Defendant.**

**Civ. A. No. 79–C–660.**

United States District Court,
E.D. Wisconsin.

June 12, 1983.

David J. Hase, Nancy J. Sennett, Milwaukee, Wis., for plaintiff.

Lynn R. Laufenberg, Milwaukee, Wis. and Charles F. Nolan, Oshkosh, Wis., for defendant.

DECISION AND ORDER

REYNOLDS, Chief Judge.

This action was brought by Max I. Bittner claiming that he was terminated from employment with the defendant for exercising his rights under the Employee Retirement Income Security Act of 1974 (ERISA). The action was tried to the Court on October 18, 1982. At the completion of the plaintiff's case, the Court granted defendant's motion to dismiss, and on December 22, 1982, the Court issued its findings of fact and conclusions of law, and judgment was entered in favor of the defendant. Presently before the Court is the defendant's motion for an award of attorney's fees under § 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1), and for an award of costs.

The Court granted the defendant's motion to dismiss because the plaintiff failed to produce any evidence that he was fired as a result of bringing a suit under ERISA. The testimony was uncontradicted that the defendant was agreeable to a friendly suit to determine whether the plaintiff was entitled to additional medical benefits and that the plaintiff was discharged only after

he filed a complaint which also included unfounded claims for intentional infliction of emotional distress and punitive damages.

The unmeritorious nature of the plaintiff's claim may not have been apparent to the plaintiff's attorney at the time he commenced the suit, but the frivolous nature of the suit must have become apparent during discovery. At that point, it was the responsibility of the plaintiff's attorney to inform his client that he had no case and to withdraw if his client insisted on pressing the claim. Because the frivolous nature of plaintiff's claim was apparent prior to the trial of this case, the defendant will be awarded attorney's fees associated with the actual trial of this case. *Cf. Werch v. City of Berlin,* 673 F.2d 192, 196 (7th Cir.1982) (continuation of appeal after Supreme Court decision made appeal frivolous entitles appellee to attorney's fees for appeal).

The defendant's attorneys have failed to adequately itemize their attorney's fees. Because this Court can neither determine the amount of attorney's fees incurred by the defendant during the actual trial of this case nor the reasonableness of the amount of fees sought, the Court will award the defendant reasonable attorney's fees for the work done at trial and will leave it to the parties in the first instance to attempt to reach the correct figure. If this cannot be accomplished the defendant may bring a motion for its attorney's fees in accordance with this decision.

As the prevailing party, the defendant is entitled to recover its costs. Fed.R.Civ.P. 54. The request for taxing of costs should in the first instance be submitted to the clerk of court. Local Rule 9.01. This Court will only review costs on a motion to review the Clerk's taxing of costs.

THEREFORE, IT IS ORDERED that the defendant's motion for attorney's fees is granted in part in that the defendant shall recover of the plaintiff reasonable attorney's fees attributable to the actual trial of this case, and that the defendant's motion for taxation of costs is referred to the Clerk of Court for the Eastern District of Wisconsin.