**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

PETER M. WENDT,
                *Plaintiff-Appellant,*

v.

DARLENE LEONARD, individually;
RALPH THOMAS, JR., individually;
ROY GITTINGS, individually; JOHN
DOES, individually; SEATOW
SERVICES OF CARTERET COUNTY,
INCORPORATED; JARRETT BAY BOAT
WORKS, INCORPORATED,
                *Defendants-Appellees.*

⎬   No. 04-1265

GEORGETOWN UNIVERSITY LAW
CENTER,
        *Amicus Supporting Appellant.*

Appeal from the United States District Court
for the Eastern District of North Carolina, at New Bern.
Malcolm J. Howard, District Judge.
(CA-02-135-4-H)

Argued: September 22, 2005

Decided: December 12, 2005

Before TRAXLER and GREGORY, Circuit Judges,
and R. Bryan HARWELL, United States District Judge for the
District of South Carolina, sitting by designation.

Affirmed by published opinion. Judge Traxler wrote the opinion, in
which Judge Gregory and Judge Harwell joined.

## COUNSEL

**ARGUED:** David Joseph Arkush, GEORGETOWN UNIVERSITY LAW CENTER, Appellate Litigation Program, Washington, D.C., for Amicus Supporting Appellant. Janet Marie Lyles, DAVIS, MUR-RELLE & LYLES, P.A., Beaufort, North Carolina, for Appellees. **ON BRIEF:** Peter Wendt, Beaufort, North Carolina, Appellant Pro Se. Steven H. Goldblatt, Director, Elizabeth B. Wydra, Supervising Attorney, Leah S. Schmelzer, Student Counsel, Robert T. Smith, Student Counsel, GEORGETOWN UNIVERSITY LAW CENTER, Appellate Litigation Program, Washington, D.C., for Amicus Supporting Appellant.

---

## OPINION

TRAXLER, Circuit Judge:

Peter M. Wendt appeals the district court's denial of his motion under Rule 60(b)(4) of the Federal Rules of Civil Procedure to vacate an order awarding attorney fees. Wendt argues that, because the district court dismissed the underlying action for lack of subject matter jurisdiction, the order awarding attorney fees is void. Finding no reversible error, we affirm.

### I.

To satisfy a judgment against Wendt for his non-payment of state taxes, local authorities in Carteret County, North Carolina, seized his boat. Acting *pro se*, Wendt commenced this action under 42 U.S.C.A. §§ 1983, 1985, and 1986 (West 2003), for alleged violations of his civil rights in connection with the seizure. Wendt sought at least $24,000,000 in damages and a preliminary injunction to prevent the sale of his boat.

In ruling on Wendt's motion for a preliminary injunction, the district court found that 28 U.S.C.A. § 1341 (West 1993), often referred to as the Tax Injunction Act, controlled and prevented it from exercising jurisdiction over the case. Specifically, because North Carolina

provided Wendt with plain, speedy, and efficient remedies for the improper assessment or collection of state taxes, Wendt was barred from bringing his claim in federal court. According to the district court, the record suggested that Wendt had not even pursued these available state court remedies. The district court also found that, even if the Tax Injunction Act did not apply, Wendt's complaint failed to state a claim upon which relief could be granted and should be dismissed. The district court explained that Wendt had not alleged, nor did the record reflect, that the defendants violated North Carolina's collection procedures while attaching his property. The district court allowed the case to remain open temporarily to "entertain requests from the defendants for costs and sanctions resulting only from the present federal action." J.A. 114. Wendt appealed the ruling. This court ultimately affirmed. *See Wendt v. Leonard*, No. 02-2374, slip op. at 3 (4th Cir. Apr. 3, 2003) (unpublished).

Shortly after the district court's order, and while Wendt's first appeal was pending, several defendants filed motions for sanctions under Rule 11. Wendt failed to respond. The district court, however, concluded that Rule 11 sanctions would be improper. Because the defendants filed their motions for sanctions after the district court's ruling, Wendt had not been afforded the "safe harbor" period contemplated under Rule 11(c)(1)(A). Nevertheless, the district court found that the record established a basis for an award of attorney fees under 42 U.S.C.A. § 1988 (West 2003). This statute gives district courts discretion to award "a reasonable attorney's fee" to a prevailing party other than the United States in any action or proceeding to enforce, among other statutes, 42 U.S.C.A. §§ 1983, 1985, and 1986, the statutes under which Wendt had sued. 42 U.S.C.A. § 1988(b).

The district court concluded that this case met the "standard of frivolity and unreasonableness" necessary for an award of attorney fees under 1988. J.A. 153. The district court explained that, although Wendt proceeded *pro se*, he was "no stranger to litigation," having "filed actions to avoid the payment of taxes on several occasions in state court, always without avail." J.A. 154. The district court awarded a total of $12,143.89 in attorney fees and closed the case on March 20, 2003.

Wendt did not appeal the order awarding attorney fees. Instead, over six months later, he filed a motion in district court under Rule

60(b)(4) to vacate the order, claiming it was void. Wendt argued that, because the district court lacked jurisdiction to hear the merits of his case, it also lacked jurisdiction to award attorney fees. The district court denied the motion and Wendt appealed.

## II.

Wendt appeals the denial of his motion under Rule 60(b)(4), which allows the court to "relieve a party or a party's legal representative from a final judgment, order, or proceeding [if] . . . the judgment is void." Fed. R. Civ. P. 60(b)(4). We review *de novo* a district court's denial of a motion under Fed. R. Civ. P. 60(b)(4). *See Compton v. Alton S.S. Co.*, 608 F.2d 96, 107 n.21 (4th Cir. 1979).

At the outset, we emphasize that Wendt did not directly appeal the order awarding attorney fees. Instead, well after the order was final and his deadline for appeal had passed, he asked the district court to declare it void. In such situations, courts must be mindful that Rule 60(b)(4) is not a substitute for a timely appeal. *See Hunter v. Underwood*, 362 F.3d 468, 475 (8th Cir. 2004) ("Where a party has failed to appeal an adverse judgment, [a] Rule 60(b)(4) motion will not succeed merely because the same argument would have been successful on direct appeal.").

An order is "void" for purposes of Rule 60(b)(4) only if the court rendering the decision lacked personal or subject matter jurisdiction or acted in a manner inconsistent with due process of law. *See Eberhardt v. Integrated Design & Constr., Inc.*, 167 F.3d 861, 871 (4th Cir. 1999). Despite this seemingly broad statement, we narrowly construe the concept of a "void" order under Rule 60(b)(4) precisely because of the threat to finality of judgments and the risk that litigants like Wendt will use Rule 60(b)(4) to circumvent an appeal process they elected not to follow. *See Kansas City S. Ry. Co. v. Great Lakes Carbon Corp.*, 624 F.2d 822, 825 n.5 (8th Cir. 1980) ("The concept of a void judgment is extremely limited. Professor Moore indicates the concept is so narrowly restricted that, although seemingly incongruous, a federal court judgment is almost never void because of lack of federal subject matter jurisdiction.") (citing 7 *Moore's Federal Practice* ¶ 60.25[2], at 305-06 (2d ed. 1979)) (other citations omitted). In other words, "a lack of subject matter jurisdiction will not always

render a final judgment 'void' [under Rule 60(b)(4)]. Only when the jurisdictional error is 'egregious' will courts treat the judgment as void." *United States v. Tittjung*, 235 F.3d 330, 335 (7th Cir. 2000) (citation omitted).

Thus, when deciding whether an order is "void" under Rule 60(b)(4) for lack of subject matter jurisdiction, courts must look for the "'rare instance of a clear usurpation of power.'" *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998) (quoting *Lubben v. Selective Serv. Sys. Local Bd. No. 27*, 453 F.2d 645, 649 (1st Cir. 1972)); *see also Baumlin & Ernst, Ltd. v. Gemini, Ltd.*, 637 F.2d 238, 241-42 (4th Cir. 1980) (citing *Lubben* and explaining that an "[e]rror . . . does not make the judgment void" under Rule 60(b)(4)). A court plainly usurps jurisdiction "only when there is a 'total want of jurisdiction' and no arguable basis on which it could have rested a finding that it had jurisdiction." *Nemaizer v. Baker*, 793 F.2d 58, 65 (2d Cir. 1986) (quoting *Lubben*, 453 F.2d at 649); *see also In re G.A.D., Inc.*, 340 F.3d 331, 336 (6th Cir. 2003) ("Other circuits have determined . . . that a Rule 60(b)(4) motion will succeed only if the lack of subject matter jurisdiction was so glaring as to constitute a total want of jurisdiction, or no arguable basis for jurisdiction existed.") (citations and internal quotation marks omitted); *Gschwind v. Cessna Aircraft Co.*, 232 F.3d 1342, 1346 (10th Cir. 2000) ("There must be 'no arguable basis on which [the court] could have rested a finding that it had jurisdiction.'" (quoting *Nemaizer*, 793 F.2d at 65)). "[A]n 'error in interpreting a statutory grant of jurisdiction is not equivalent to acting with total want of jurisdiction.'" *Gschwind*, 232 F.3d at 1346-47 (quoting *Kansas City Southern*, 624 F.2d at 825). Bearing these principles in mind, we turn to Wendt's motion.

### III.

In ruling on Wendt's Rule 60(b)(4) motion, the district court specifically found that "it had subject matter jurisdiction to award attorneys' fees in this matter." J.A. 198. Wendt argues that the district court could not have had jurisdiction to award attorney fees because it had already decided to dismiss the underlying action for lack of subject matter jurisdiction.

Wendt fails to show, however, that the district court's order is "void" within the meaning of Rule 60(b)(4). Under 42 U.S.C.A.

§ 1988(b), in "any action or proceeding to enforce a provision of . . . [42 U.S.C.A. §§ 1983, 1985 or 1986] . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." Because Wendt brought an "action" under 42 U.S.C.A. §§ 1983, 1985, and 1986, the district court arguably had the authority to award attorney fees under 42 U.S.C.A. § 1988. In other words, even if the Tax Injunction Act barred the district court from reaching the ultimate merits of Wendt's case, we believe, in view of the statute, that the district court at least had an "arguable basis" for exercising jurisdiction to award attorney fees. At a minimum, we discern no "egregious" jurisdictional error or "clear usurpation of power" that would warrant vacating a final, unappealed judgment.

Other courts have forced plaintiffs to pay attorney fees under 42 U.S.C.A. § 1988 precisely because they brought unreasonable, frivolous, meritless, or vexatious claims that they should have known were barred by the Tax Injunction Act. *See Werch v. City of Berlin*, 673 F.2d 192, 195 (7th Cir. 1982) ("Clearly, Werch should have known that his claim for injunctive relief would be dismissed for lack of subject matter jurisdiction [due to the Tax Injunction Act]. Under these circumstances, Werch's claim for injunctive relief was meritless."); *cf. Hutcherson v. Board of Supervisors*, 742 F.2d 142, 146 & n.4 (4th Cir. 1984) (affirming award of attorney fees under 42 U.S.C.A. § 1988 even though the underlying action was barred by the Tax Injunction Act, noting that *Werch* was a "similar case"). In ruling on the motion for attorney fees, the district court relied on *Werch* and reached a similar conclusion about the frivolousness of Wendt's claim:

> A cursory investigation of plaintiff's claims in this case revealed that the injunctive relief he sought was clearly barred by the Tax Injunction Act, *supra*. *See Werch v. City of Berlin*, 673 F.2d 192 (7th Cir. 1982). . . . Plaintiff's complaint alleged no facts suggesting that defendants deviated from [the standard procedures for enforcing tax judgments] in an unconstitutional fashion. Given plaintiff's previous failures in state court, it was entirely unreasonable for him to initiate a similar proceeding here (particularly in light of

the Tax Injunction Act). The court finds that plaintiff should have known that this action was frivolous.

J.A. 154.

As discussed in the district court's order denying Wendt's 60(b)(4) motion, however, there appears to be a split among the circuits regarding whether courts can award attorney fees under 42 U.S.C.A. § 1988 after having dismissed the underlying action for lack of subject matter jurisdiction. *See Citizens for a Better Environment v. Steel Co.*, 230 F.3d 923, 925-28 (7th Cir. 2000) (finding that, even if a court lacks power to rule on the substantive claims of the plaintiff, it does not necessarily lack power to award attorney fees, but discussing cases reaching a contrary result); *Branson v. Nott*, 62 F.3d 287, 293 (9th Cir. 1995)("By itself, § 1988 does not provide the district court with jurisdiction to grant an attorney fee award where subject matter jurisdiction to hear the underlying § 1983 claim is lacking."); *Keene Corp. v. Cass*, 908 F.2d 293, 298 (8th Cir. 1990)("[S]ection 1988 does not by its terms confer subject matter jurisdiction upon federal courts, but rather relies upon the provisions of other federal statutes, such as section 1983 read in conjunction with 28 U.S.C. § 1343 (1988) (civil rights and elective franchise jurisdictional statute), to confer subject matter jurisdiction.").

The parties' arguments concerning which courts are correct in the split of authority, however, ignore the unique nature of the extraordinary relief Wendt seeks in his Rule 60(b)(4) motion — vacating a final, unappealed order. Viewed in this context, we need not resolve which view of the law is correct. Rather, the mere fact that authorities disagree on this issue confirms that the district court had an "arguable basis" for jurisdiction. Mindful that we must not transform a Rule 60(b)(4) motion into a belated appeal that was never taken, we will not disrupt a final, unappealed order under these circumstances.

Due to Wendt's own inactions, the question we face today is not whether the district court's decision was erroneous, *see Eberhardt*, 167 F.3d at 871, nor is it whether Wendt would have been successful with these same arguments on a direct appeal, *see Hunter*, 362 F.3d at 475. Rather, the question is whether the district court's order was void within the meaning of Rule 60(b)(4) because there was no argu-

able basis for jurisdiction. Because we conclude that there was such an arguable basis, we affirm.

*AFFIRMED*