UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 15-6973

JEAN BERNARD GERMAIN,

Plaintiff - Appellant,

v.

WARDEN FRANK BISHOP, JR.; BRUCE A. LILLER, Chief of Psychology; WILLIAM
BEAMAN, Director of Nursing; JANEATTE SIMMONS, Psychiatry Nurse,

Defendants - Appellees.

Appeal from the United States District Court for the District of Maryland, at Baltimore.
J. Frederick Motz, Senior District Judge. (1:15-cv-01421-JFM)

Argued: October 28, 2016                               Decided: February 23, 2017

Before GREGORY, Chief Judge, and KEENAN and FLOYD, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion. Chief Judge Gregory wrote a
separate opinion concurring in part and dissenting in part.

**ARGUED**: Chad Robert Mizelle, GIBSON, DUNN & CRUTCHER LLP, Washington, D.C., for
Appellant. Matthew John Fader, OFFICE OF THE ATTORNEY GENERAL OF MARYLAND,
Baltimore, Maryland; Douglas Conrad Meister, MEYERS, RODBELL & ROSENBAUM, PA,
Riverdale, Maryland, for Appellees. **ON BRIEF**: Scott P. Martin, GIBSON, DUNN &
CRUTCHER LLP, Washington, D.C., for Appellant.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In this appeal, federal inmate Jean B. Germain (Germain) argues that the district court issued an unlawful prefiling injunction in a prior case and, therefore, abused its discretion in the present case in relying on that injunction to administratively close his present action. Alternatively, Germain contends that the district court incorrectly applied the terms of the prefiling injunction in the present case.[1]

We hold that we lack jurisdiction to entertain Germain's request that we review the merits of the prefiling injunction, which was entered ten months before the present action was filed. To the extent that Germain seeks to modify the terms of, or vacate, the injunction entered in that earlier matter, he must do so through a motion under Rule 60(b) of the Federal Rules of Civil Procedure. However, we further hold that the district court erred in administratively closing the present case, because the court failed to apply the specific terms of the prefiling injunction order. Accordingly, we vacate the district court's judgment, and remand the case for further consideration. We also deny Germain's request that his case be assigned to a different district court judge.

I.

Between 2009 and 2015, Germain, an inmate at the North Branch Correctional Institute (NBCI) in Cumberland, Maryland, filed at least sixteen lawsuits against NBCI staff and officials in the federal district courts in Maryland.[2] In August 2013, Germain filed one of these lawsuits

---

[1] Germain also requests that all his cases be assigned to a different district judge.

[2] See Germain v. Bishop, 1:15-cv-1421 (D. Md.); Germain v. Miller, 1:15-cv-349 (D. Md.); Germain v. Haselbach, 1:14-cv-2729 (D. Md.); Germain v. Watson, 1:14-cv-2383 (D. (Continued)

(the Shearin action) against the Warden of NBCI, who at that time was Bobby P. Shearin, alleging that Shearin violated state and federal laws by: (1) failing to provide Germain with three wholesome meals per day; (2) placing a substantial burden on his religious practices; and (3) denying him sufficient access to state administrative remedy procedures.

In July 2014, Germain filed a "Motion to Chief Judge Deborah K. Chasanow," requesting that Judge Chasanow, then-Chief Judge for the United States District Court for the District of Maryland, direct that Germain's civil rights cases be assigned on a pro rata basis to judges other than Senior District Judge J. Frederick Motz, who was presiding over the Shearin action. Judge Motz construed Germain's filing as a motion for recusal, and denied the motion.

In its order denying the recusal motion, the district court concluded that Germain's request "demonstrate[d] the need for a different remedy." Citing the court's obligation and power to protect itself from the abusive filing of frivolous and repetitive claims, the court imposed a prefiling injunction against Germain (the prefiling injunction order), limiting the number of active cases Germain could maintain in the district court to two.

The court stated in its 2014 order that Germain's litigation practices, which often included "numerous motions," had "become vexatious," placing a burden upon the court and "other litigants with whom the court must share its resources." The court further explained that while it would not "absolutely foreclose or enjoin [Germain] from initiating an action," the court would "limit the number of active cases filed by [Germain] to ensure that process is available to

Md.); Germain v. Watson, 1:14-cv-1800 (D. Md.); Germain v. Oakley, 1:14-cv-1536 (D. Md.); Germain v. Shearin, 1:13-cv-3892 (D. Md.); Germain v. Shearin, 1:13-cv-2267 (D. Md.); Germain v. Wexford Health Sources, Inc., 1:13-cv-382 (D. Md.); Germain v. Arnold, 1:12-cv-3240 (D. Md.); Germain v. Metheny, 1:12-cv-1882 (D. Md.); Germain v. Smith, 1:12-cv-1274 (D. Md.); Germain v. Shearin, 1:12-cv-1255 (D. Md.); Germain v. Shearin, 1:11-cv-1613 (D. Md.); Germain v. Nastri, 1:11-cv-810 (D. Md.); Germain v. Shearin, 1:09-cv-3097 (D. Md.).

3

him without taxing the time and resources of the court or hindering the court from fulfilling its constitutional duty." Despite these general findings, the court did not identify any particular pleadings or particular cases filed by Germain that were frivolous, vexatious, malicious, harassing, duplicative, or otherwise abusive of the judicial process. Germain did not file a motion for reconsideration of the prefiling injunction order, nor did he file an appeal challenging the court's entry of that order.[3]

In May 2015, about ten months after the district court entered the prefiling injunction order, Germain initiated the present lawsuit under 42 U.S.C. § 1983 against the Warden of NBCI, who at the time was Frank Bishop, and certain other NBCI officials (collectively, the defendants). Germain alleged that he was denied due process: (1) when prison officials disciplined him after finding that he had assaulted a staff member and had "breached" the food slot on his cell door; and (2) when prison officials limited him to one hour of outdoor exercise and two fifteen-minute showers per week. Additionally, Germain alleged that NBCI policies and prison conditions caused him mental and physical harm, that a correctional officer had raped him, and that prison officials were deliberately indifferent to his mental health needs. Along with his complaint, Germain also filed a motion seeking a preliminary injunction to obtain the following relief: (1) that he be allowed to exercise for five hours per week; (2) that correctional staff be prohibited from ignoring medical orders that he be handcuffed a certain way; and (3) that mental health staff provide him necessary treatment.

---

[3] In December 2014, the court resolved the Shearin action by granting summary judgment in Shearin's favor. This Court affirmed the district court's judgment, holding that Germain had failed to exhaust his claims administratively before initiating the Shearin action. Accordingly, we dismissed that appeal without prejudice. See Germain v. Shearin, 653 F. App'x 231, 234-35 (4th Cir. 2016).

4

Two weeks after the complaint was filed, the district court addressed Germain's motion for preliminary injunctive relief. At the outset, the court cited the existing prefiling injunction order and stated that Germain was "the subject of an order requiring administrative closure of newly filed complaints in the event plaintiff already has an open, active case." The court also observed that Germain had one other active case pending before the court, and three other cases that had been administratively closed pursuant to the prefiling injunction order.

In addressing the merits of Germain's motion for a preliminary injunction, the district court first explained that Germain was unlikely to succeed on his due process claims, because "[f]ederal courts do not review the correctness of a disciplinary hearing officer's findings of fact."[4] The court also held that Germain's claim that one hour of outdoor exercise per week is unconstitutional was "weak at best." Finally, the court concluded that Germain's claim that the mental health staff had been indifferent to his need for treatment amounted to a disagreement with medical assessments made by prison officials, which assessments the court would not "second guess."

The district court accordingly denied Germain's request for a preliminary injunction, and administratively closed the case "until such time as plaintiff has no other active pending cases before this court." Thus, the district court did not dismiss Germain's complaint.

Germain filed a timely motion for reconsideration of both the district court's denial of his motion for a preliminary injunction and the court's decision to administratively close his case. The district court denied Germain's request for reconsideration. Germain timely filed an appeal to this Court.

---

[4] The court also considered Germain's motion for leave to proceed in forma pauperis, and granted the motion "subject to assessment of fees at a later date."

5

II.

Germain makes two arguments on appeal challenging the district court's administrative closure of his case.[5]   Germain first asserts that the district court abused its discretion in administratively closing his case because the prefiling injunction was substantively invalid.  He contends that before entering the prefiling injunction, the court was required, but failed, to identify as frivolous or abusive any specific pleadings or lawsuits that Germain had filed.  Alternatively, Germain contends that even if the prefiling injunction was valid, the district court erred in failing to apply its specific terms, which permitted him to maintain two active cases on the district court's docket.  Thus, Germain asks this Court to vacate the prefiling injunction order, and to reverse the district court's order administratively closing the present case.  Additionally, Germain requests that we order that his cases be assigned to a different district court judge on remand.  The defendants primarily respond that we lack jurisdiction to consider the validity of the prefiling injunction's terms, because Germain failed to appeal that order at the time it was entered in connection with the Shearin action.

A.

Initially, we agree with the defendants that we lack jurisdiction to consider the merits of the prefiling injunction, which Germain failed to appeal in a timely manner at the time of its entry.  Parties generally must note an appeal within thirty days after the entry of the district

---

[5] We note that orders administratively closing a case are not appealable final orders in some instances.  See Penn-Am. Ins. Co. v. Mapp, 521 F.3d 290, 295-96 (4th Cir. 2008).  Nevertheless, we are satisfied that under the unique circumstances presented in this case, we have jurisdiction over Germain's appeal from the district court's order administratively closing his case for an indefinite period of time.  See Muhammad v. Warden, Balt. City Jail, 849 F.2d 107, 110 (4th Cir. 1988) (holding that an order administratively closing a prisoner's 42 U.S.C. § 1983 case for an indefinite period of time is appealable as either a collateral order or an order with "practical finality").

6

court's order or final judgment. See Fed. R. App. P. 4(a)(1)(A). Under the Supreme Court's longstanding precedent, "the timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 209, 214 (2007); see 28 U.S.C. § 2107(a). However, if a party files a motion under Rule 60(b) within a reasonable time, a "court may relieve a party" from an order or a final judgment if, among other things: (1) "the judgment is void"; (2) "applying [the judgment] prospectively is no longer equitable"; or (3) there exists "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(4)-(6), (c)(1).

We have applied these principles in a very similar case involving an inmate's challenge to the merits of a prefiling injunction. In In re Burnley, 988 F.2d 1 (4th Cir. 1992), the district court had imposed a prefiling injunction against John Rodgers Burnley (Burnley), who had "filed over fifty civil rights suits under 42 U.S.C. § 1983 against countless defendants" over the course of about nine years. Id. at 2. Under the terms of that injunction, the clerk of court was directed to process only one of Burnley's cases at a time unless there existed a "bona fide emergency." Id. Burnley failed to appeal the order imposing the prefiling injunction. Id.

More than one year after the district court imposed the prefiling injunction restricting Burnley's litigation practices, Burnley filed a motion requesting that the court allow him to maintain at least two active civil cases. Id. The district court construed this motion as a motion for reconsideration. Id. at 2-3 & n.3. After the court denied his motion, Burnley filed a timely notice of appeal. Id. at 2. On appeal to this Court, Burnley argued that the district court abused its discretion by applying the prefiling injunction, and "that assessment of the merits of his motion necessarily require[d] consideration of the underlying order." Id.

We rejected Burnley's argument, and held that because Burnley had "failed to perfect a timely appeal from [an] initial order imposing [a] pre-filing review system on him, this Court

7

lack[ed] jurisdiction to consider his attack on that order." Id. at 2-3. We further explained that construing Burnley's motion as a Rule 60(b) motion did not provide a basis for our review of the merits of the underlying injunction, because our review was limited to the grounds set forth in Rule 60(b). Id. at 3.

Like Burnley, Germain asks us to review the merits of a prefiling injunction that he failed to appeal at the time of its entry. Our holding in Burnley precludes such review. See id. at 2. As noted above, the Supreme Court has emphasized that "the timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles, 551 U.S. at 214. The broad holding that Germain seeks would undermine this strict jurisdictional requirement, without providing any principle restricting its application in other civil cases.

Our conclusion is not altered by the fact that the injunction at issue was enforced in a subsequent case, as opposed to the case in which it originally was entered. For purposes of this appeal, this is a distinction without a difference. A litigant who fails to appeal from a judgment should not be given unlimited opportunities to challenge the substance of that judgment at the time of his choosing. Yet that is the very result that Germain seeks here. Accordingly, we hold that to the extent that Germain bases his appeal of the court's administrative closure of his case on a challenge to the merits of the prefiling injunction order, we lack jurisdiction to conduct such a review. See Burnley, 988 F.2d at 2-3.

While Germain's failure to appeal the prefiling injunction order precludes our review of the merits of that order, Germain nonetheless may seek relief from the prefiling injunction by filing a motion under Rule 60(b). See Fed. R. Civ. P. 60(b). However, a Rule 60(b) motion is

8

not a substitute for a timely appeal.  <u>Burnley</u>, 988 F.2d at 3.  Any request for relief that Germain makes under Rule 60(b) must be based on one or more of the grounds specified in that Rule.[6]

B.

We next address Germain's argument that the district court erred in failing to correctly apply the terms of the prefiling injunction order, which permitted Germain to maintain two active cases on the district court's docket at any one time.  The prefiling injunction order stated, in relevant part: "The cases most recently filed by [Germain] in which there has been no response shall be administratively closed <u>until such time as the number of active cases [Germain] has pending before this court are reduced to two</u>."  (Emphasis added) (footnotes omitted).  Accordingly, the terms of the prefiling injunction order allowed Germain to maintain two active cases on the district court's docket.[7]

After referencing the prefiling injunction order, however, the court administratively closed Germain's case because he already had one active case pending.  This application of the prefiling injunction order was not reasonable because, as stated above, that order specifically permitted Germain to maintain two active cases at any given time.  We therefore conclude that the court erred in administratively closing the present case on the basis that Germain had one

---

[6] In such a motion, if pertinent to any of the bases for relief he may seek under Rule 60(b), Germain may draw on various factors we have considered regarding prefiling injunctions, including that: (1) a prefiling injunction is a "drastic remedy" to be employed sparingly; (2) a prefiling injunction must be narrowly tailored; (3) a court should impose a prefiling injunction only after determining that a litigant "has filed vexatious, harassing, or duplicative lawsuits" that were not pursued in good faith, resulting in a burden placed on the court and on other parties; and (4) the existence and adequacy of less restrictive sanctions.  <u>See</u> <u>Cromer v. Kraft Foods N. Am., Inc.</u>, 390 F.3d 812, 817-19 (4th Cir. 2004).

[7] While the defendants state that the prefiling injunction order limits Germain to one active case, the defendants do not cite any language from the court's order supporting such an assertion, and we discern none.

9

active case pending on the court's docket.  See generally JTH Tax, Inc. v. H & R Block E. Tax Servs., Inc., 359 F.3d 699, 706 (4th Cir. 2004) ("[T]o sustain appellate review, district courts need only adopt a reasonable construction of the terms contained in their orders.").  Accordingly, we vacate the court's order administratively closing the present case, and remand the case to the district court for further consideration.

III.

Finally, we address Germain's request that this Court direct that all of Germain's lawsuits be assigned to a different district judge.  We may assign a case to a different judge on remand pursuant to our authority to "require such further proceedings to be had as may be just under the circumstances."  Liteky v. United States, 510 U.S. 540, 554 (1994) (quoting 28 U.S.C. § 2106).  We will reassign a case to a different judge on remand only in the "unusual circumstances" when "both for the judge's sake and the appearance of justice an assignment to a different judge is salutary and in the public interest, especially as it minimizes even a suspicion of partiality."  United States v. Nicholson, 611 F.3d 191, 217 (4th Cir. 2010) (quoting United States v. Guglielmi, 929 F.2d 1001, 1007 (4th Cir. 1991)).  When determining whether reassignment is warranted, we consider:

> (1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously expressed views or findings determined to be erroneous or based on evidence that must be rejected; (2) whether reassignment is advisable to preserve the appearance of justice; and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness.

Id. (internal quotation marks and citations omitted).

We discern no facts in the present record that warrant reassigning Germain's case under any of the three factors outlined above.  Likewise, we have not identified any facts that could call

into question the district judge's impartiality. Accordingly, we decline to assign Germain's cases to a different judge on remand.

## IV.

For these reasons, we vacate the district court's judgment and remand the case to the district court for further proceedings consistent with the principles expressed in this opinion.

<u>VACATED AND REMANDED</u>

GREGORY, Chief Judge, concurring in part and dissenting in part:

I agree that the district court failed to properly apply the specific terms of the prefiling injunction order and that the case should not be reassigned on remand, and I therefore readily join Section II.B and Part III of the majority opinion. But because I believe our precedents dictate that we may review the merits of that order, I respectfully dissent from Section II.A. The majority correctly notes that Germain failed to appeal the prefiling order when it was first issued in the earlier Shearin action. That fact alone does not resolve the jurisdictional inquiry, however. The question before us is whether we can review the merits of a prefiling order issued in an earlier case when it is enforced in a subsequent case. I believe the answer to this question is more appropriately governed by Graham v. Riddle, 554 F.2d 133 (4th Cir. 1977), not, as the majority suggests, In re Burnley, 988 F.2d 1 (4th Cir. 1992).

In Graham, this Court did precisely what the majority says we cannot do: we reviewed the merits of an underlying prefiling order issued in a prior case when it was enforced in a later case. There, the district court imposed a prefiling review order that conditioned a vexatious inmate's right to file complaints in forma pauperis upon "good cause shown." 554 F.2d at 133. It issued that order on April 12, 1973. Id. at 134. Pursuant to the prefiling order, the district court dismissed "six [of Graham's] subsequent complaints." Id. Graham appealed all six of those cases, arguing that the "district court abused its discretion in issuing the [underlying prefiling] order of April 12, 1973." Id. On appeal, this Court did not hold that it lacked jurisdiction to consider the order. Rather, we reviewed (and upheld) the district court's decision to enter the April 12 prefiling order. Id. at 135.

The Graham Court thus analyzed whether the district court abused its discretion in issuing the prefiling order, even though the order was issued in an earlier case. That is what

12

Germain requests here. The district court entered the prefiling injunction order at issue in the Shearin action. The court used that order to administratively close Germain's subsequent case, the instant case. Following Graham, we can and should evaluate the merits of the underlying prefiling order. See also Graham v. Samberg, 838 F.2d 466, 1988 WL 6841, at *1 (4th Cir. 1988) (unpublished table opinion) (reviewing prefiling order issued in earlier case when enforced in later case and upholding the "earlier order" (emphasis added)); cf. Robinson v. Marion, Case Nos. 88-7752, 89-7525, 1989 WL 79740, at *2 (4th Cir. July 11, 1989) ("We treat this appeal as attacking the actual enforcement of the prefiling injunction. As noted above, we approve the imposition of the injunction." (emphasis added)).

The majority opinion does not discuss Graham, instead citing Burnley as support for its view that if a prefiling order is not appealed in the case in which it is issued, it cannot be attacked when enforced in a subsequent case. But on my reading, Burnley simply does not stand for that proposition--especially because Burnley did not attack a prefiling order in a subsequent case.

As the majority outlines, Burnley did not timely appeal a prefiling injunction order that limited him to one case at a time. More than a year after the district court imposed the prefiling review system, Burnley filed, in the same case, a postjudgment motion seeking a modification of that order. Critically, the district court construed the request as a Rule 60(b) motion for reconsideration. The district court denied that request, and Burnley appealed only the denial of the 60(b) motion. We noted that in "ruling on an appeal from a denial of a Rule 60(b) motion this court may not review the merits of the underlying order; it may only review the denial of the motion with respect to the grounds set forth in Rule 60(b)." Burnley, 988 F.2d at 3. Accordingly, our review was limited to whether the district court had properly denied Burnley's

13

request for reconsideration; our review did not encompass whether the court erred in issuing the prefiling injunction.

The Burnley Court thus reiterated a general, longstanding, and unremarkable proposition: when we review the denial of a 60(b) motion, we do not review the merits of the underlying order. Browder v. Dir., Dep't of Corr., 434 U.S. 257, 263 n.7 (1978) ("[A]n appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review."). That rule has no application here. And nowhere does Burnley create a rule specific to prefiling injunctions. Indeed, it is silent on situations where, as here, a litigant challenges a prefiling order that is enforced in a subsequent case. In the dozens of Fourth Circuit cases that cite Burnley, I have not located any that understand Burnley as speaking to that question.

I recognize that the introductory paragraph of Burnley, which the majority quotes, contains the following broad language: "Because Burnley failed to perfect a timely appeal from the initial order imposing the pre-filing review system on him, this Court lacks jurisdiction to consider his attack on that order." 988 F.2d at 2. The reasoning on the jurisdictional issue, however, is contained in Part II of the Burnley opinion. That section makes clear that because Burnley failed to appeal the initial order, he could not attack that order pursuant to the general rule concerning Rule 60(b) denials. Critically, the opinion never says, or even suggests, that because Burnley failed to timely appeal the initial order, he could not challenge it when it provided the basis for closing a later case.

When faced with these precedents, the instant case aligns with Graham, not Burnley. To be clear, though, I see no inconsistency between the two decisions. Burnley holds that if an inmate appeals only a denial of a motion for reconsideration, we cannot review an underlying prefiling order; Graham allows an inmate to attack a prefiling order in a subsequent case when

14

the order provides the basis for dismissing that case. In fact, Burnley, in dicta, relied on Graham's substantive holding without casting any doubt on the Graham Court's ability to review the prefiling order. Id. at 3 ("In Graham v. Riddle, this Court expressly upheld a pre-filing review system that denied in forma pauperis status to a frequent filer of frivolous complaints . . . ." (internal citation omitted)).

Although the majority's holding is primarily grounded in Burnley, the majority also notes that parties must generally appeal an order within thirty days after entry of judgment and cites the Supreme Court's statement that "the timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007). But once again, these broad principles do not squarely resolve the specific question here. There is no dispute that Germain filed, within thirty days, an appeal from the district court's order to administratively close the instant case. We thus possess jurisdiction over this appeal. The relevant question, as Germain's counsel framed it at oral argument, is not so much jurisdictional as it is about the scope of our review. In other words, considering that Germain timely appealed the administrative closure of this case, the issue is whether our review may encompass the original prefiling order. The available, published on-point authority--Graham--suggests that it does.

I believe that we should review the underlying order here not only because it is consistent with our caselaw but also because prefiling injunction orders operate in unique ways that inflict serious harm on litigants. Prefiling orders are no ordinary orders. They are "drastic remed[ies]" that limit an individual's access to courts and thus must be "used sparingly . . . consistent with constitutional guarantees of due process of law and access to the courts." Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 817 (4th Cir. 2004). Even more, depending on their scope, prefiling orders can lead to the automatic dismissal or closure of subsequent cases, regardless of the merits

15

or nature of the later cases. Here, for instance, the prefiling order issued in the Shearin action provided the sole basis for the district court's decision to administratively close the instant case. See Administrative Closure Order, May 29, 2015, Dist. Ct. ECF No. 4 at 1 ("Plaintiff is the subject of an order requiring administrative closure of newly filed complaints in the event plaintiff already has an open, active case. See Germain v. Shearin, Civil Action JFM-13-2267 (D. Md.)."); see also id. at 4 (incorporating language from prefiling injunction order and closing case).[1] Given that the prefiling order was the entire reason for the administrative closure order, our review of the administrative closure order should not be reduced to mechanically checking whether the district court complied with the terms of the prefiling order it issued, however erroneous the terms might be.[2] Rather, for our review to be meaningful, we should evaluate whether the court abused its discretion in issuing the order in the first place.

Because an earlier prefiling order can provide the whole basis for the closure of a subsequent action--and thus the harm of the order is not felt until that later case--it is logical to review an underlying order when it is enforced, as other courts have allowed. See, e.g., Strong v. State of Alaska, 217 F.3d 846, 2000 WL 554281, at *1 (9th Cir. 2000) (unpublished table opinion) ("A litigant who is the subject of a pre-filing order can challenge it on direct appeal or when it is enforced and the filing of papers is prevented.") (per curiam) (emphasis added) (internal citations omitted); see also West v. Procunier, 452 F.2d 645, 646 (9th Cir. 1971)

---

[1] In addition to citing Graham, Germain's counsel contended at oral argument that we may review a previously issued injunction order when the district court incorporates it into in a later order or when the district court modifies the prior order. I would note that we did not have the benefit of briefing on these jurisdictional theories. Because we rejected the Appellees' response brief (which contained the Appellees' jurisdictional arguments) as untimely, the Clerk instructed that Germain should not file a reply brief. ECF No. 55.

[2] I imagine the instant case is an outlier in that the district court failed to correctly apply the terms of the prefiling injunction order.

(reviewing earlier prefiling injunction order when enforced, and noting that "[h]aving concluded that the March 31 [prefiling] order is valid, it follows that the May 10 [dismissal of subsequent case] order is a proper exercise of the district court's authority to effectuate compliance with its earlier order"). I would thus follow these courts and hold that litigants may attack a prefiling order either on direct appeal in the original case or when it is enforced in later cases.[3]

Accordingly, I would review whether the district court here abused its discretion in issuing the underlying prefiling order. Under the well-established factors outlined in Cromer, there is little question that it did. As the majority highlights, the district court made no specific findings that Germain's filings were "frivolous, vexatious, malicious, harassing, duplicative, or otherwise abusive of the judicial process" before imposing the order. Maj. Op. 4. A review of the record in fact reveals that Germain had achieved success in his past cases and, at the time of the administrative closure, had only filed one substantive motion in the instant case. There was no finding that Germain pursued this action in bad faith. The district court did not consider less drastic alternatives. And the court issued the prefiling injunction sua sponte without providing Germain with notice or an opportunity to be heard. Because the district court did not address the relevant considerations, I would find that it abused its discretion in issuing the prefiling injunction and would accordingly vacate that order.

Lastly, I am not convinced that Germain may seek relief from the prefiling injunction by filing a motion for reconsideration under Rule 60(b) in the district court, as the majority

---

[3] I would add that after this Court issues one decision on the merits of a given prefiling order, we could easily apply collateral estoppel principles to any further challenges to that order.

17

suggests, <u>see</u> Maj. Op. at 8.[4] Rule 60(b)(5) provides in part that a party may obtain relief from a judgment or an order if "applying [the judgment or order] prospectively is no longer equitable," and Rule 60(b)(6), a catchall provision that allows relief for "any other reason that justifies relief." It is not apparent, however, how litigants can use these provisions to modify or dissolve wrongly entered prefiling orders. Despite the broad language of Rule 60(b)(5) and (b)(6), both provisions have been construed narrowly.[5] <u>See</u> <u>Horne v. Flores</u>, 557 U.S. 433, 447 (2009) ("Rule 60(b)(5) may not be used to challenge the legal conclusions on which a prior judgment or order rests . . . ."); <u>Aikens v. Ingram</u>, 652 F.3d 496, 502 (4th Cir. 2011) (en banc) (holding that relief is unavailable under Rule 60(b)(6) where petitioner failed to appeal original judgment). Given the narrow application of Rule 60(b), there is a very real risk that erroneous prefiling injunction orders that restrict the right of access to the courts--a "right conservative of all rights," <u>Cromer</u>, 390 F.3d at 817--will operate in perpetuity against litigants like Germain.

In sum, because I believe that we have the authority to do so, I would review the district court's prefiling injunction order, find that the court abused its discretion, and vacate that order.

---

[4] Initially, I note that whether German can seek relief from the prefiling order under Rule 60(b) is not mutually exclusive with our review of the merits of that order.

[5] Likewise, this Court has "narrowly construe[d] the concept of 'void' order under Rule 60(b)(4) . . . ." <u>Wendt v. Leonard</u>, 431 F.3d 410, 412 (4th Cir. 2005); <u>see id.</u> (noting that Rule 60(b)(4) may not be used where litigant failed to appeal original order).