**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-6015**

UNITED STATES OF AMERICA,

Petitioner - Appellee,

v.

JAMES DOW VANDIVERE,

Respondent - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:15-hc-02017-D)

Submitted:  April 4, 2019                                     Decided:  April 10, 2019

Before NIEMEYER and HARRIS, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

James Dow Vandivere, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Dow Vandivere was committed to the custody of the Attorney General pursuant to the Adam Walsh Child Protection and Safety Act of 2006 as a sexually dangerous person. Vandivere appealed, and this court affirmed the district court's judgment. During the pendency of his appeal, Vandivere filed a motion under Fed. R. Civ. P. 60(b)(4) to set aside the commitment judgment as void for lack of jurisdiction. Vandivere also filed a motion to compel, arguing that the district court was required by Fed. R. Civ. P. 52(a)(1) to set forth in detail its factual and legal bases for its ruling on the motion to set aside judgment. The district court denied both motions, and Vandivere appealed.

We have reviewed the record and find no error warranting reversal. The district court did not reversibly err in denying Vandivere's request for Rule 60(b)(4) relief because none of the criteria for granting such relief were met in this case. *See Wendt v. Leonard*, 431 F.3d 410, 412-13 (4th Cir. 2005). Additionally, to comply with Rule 52(a)(1), a district court "need only make brief, definite, pertinent findings and conclusions upon the contested matters; there is no necessity for over-elaboration of detail or particularization of facts." *Torres-Lazarini v. United States*, 523 F.3d 69, 74 (1st Cir. 2008); *see Darter v. Greenville Comm. Hotel Corp.*, 301 F.2d 70, 75 (4th Cir. 1962) (explaining that Rule 52(a) "does not require" a district court to "make detailed evidentiary findings" (internal quotation marks omitted)). The district court's determination in its denial order that Vandivere's request for Rule 60(b)(4) relief "lack[ed] merit" satisfied this standard. *See Darter*, 301 F.2d at 75.

2

Accordingly, we affirm the district court's order. *United States v. Vandivere*, No. 5:15-hc-02017-D (E.D.N.C. Dec. 21, 2018). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*