**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 17-2189**

———————

JOSEPH JOHNSON, JR.,

        Plaintiff - Appellant,

    v.

BETSY DEVOS, Secretary of the United States Department of Education; DEPARTMENT OF EDUCATION,

        Defendants - Appellees.

———————

Appeal from the United States District Court for the District of Maryland, at Greenbelt. George Jarrod Hazel, District Judge.  (8:15-cv-01820-GJH)

———————

Submitted:  June 24, 2019                    Decided:  August 15, 2019

———————

Before WYNN, DIAZ, and HARRIS, Circuit Judges.

———————

Affirmed in part and affirmed as modified in part by unpublished per curiam opinion.

———————

Joseph Johnson, Jr., Appellant Pro Se.  Allen F. Loucks, Assistant United States Attorney, Baltimore, Maryland, Neil R. White, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellees.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joseph Johnson, Jr., filed an amended complaint against the Secretary of Education and the Department of Education (Defendants), raising a variety of claims related to his student loan debt. On February 1, 2017, the district court dismissed the complaint with prejudice based on the doctrine of collateral estoppel. Johnson then filed a motion for leave to file a second amended complaint and for clarification of the February 1 order. The court denied the motion on August 11, 2017, because, among other reasons, the court would lack jurisdiction over the claims in the proposed second amended complaint. Thereafter, Johnson moved for relief from the February 1 order dismissing his amended complaint, pursuant to Fed. R. Civ. P. 60(b)(4). He argued that the court lacked jurisdiction to dismiss his amended complaint based on collateral estoppel because Defendants had not waived their sovereign immunity for any of the claims. The court denied the Rule 60(b)(4) motion on May 24, 2018, concluding that, even if it did not have jurisdiction over the claims in the amended complaint, the error was not egregious. Johnson appeals all three orders.

"We review questions of subject matter jurisdiction de novo." *Elliott v. Am. States Ins. Co.*, 883 F.3d 384, 390 (4th Cir. 2018). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). "[A]ny waiver of that immunity must be unequivocally expressed in a statutory provision, which the courts must construe in favor of the United States." *Bullock v. Napolitano*, 666 F.3d 281, 285 (4th Cir. 2012) (internal quotation marks omitted). "[A] court finding that a party is entitled to sovereign immunity must dismiss

the action for lack of subject-matter jurisdiction." *Cunningham v. Gen. Dynamics Info. Tech.*, 888 F.3d 640, 649 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 139 S. Ct. 417 (2018).

We conclude that the district court lacked jurisdiction over the claims raised in Johnson's amended complaint. Thus, although the court correctly dismissed the amended complaint, we affirm the February 1 order as modified to reflect that the dismissal is without prejudice because the court lacked jurisdiction over the claims. *See S. Walk at Broadlands Homeowners' Ass'n v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013) ("A dismissal for . . . [a] defect in subject matter jurisdiction[] must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits.").

However, because the court's exercise of jurisdiction over the claims alleged in Johnson's amended complaint was not an egregious error, we conclude that the court correctly declined to vacate the February 1 dismissal order. *See Wendt v. Leonard*, 431 F.3d 410, 413 (4th Cir. 2005) (explaining that "a lack of subject matter jurisdiction will not always render a final judgment void under Rule 60(b)(4)" and that a judgment is void "[o]nly when the jurisdictional error is egregious" (brackets and internal quotation marks omitted)). Accordingly, we affirm the May 24 order denying Johnson's Rule 60(b)(4) motion.

Finally, because Johnson's informal brief does not challenge the court's denial of his motion for leave to amend and for clarification, Johnson has forfeited appellate review of the court's order. *See Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014)

3

("[O]ur review is limited to issues preserved in [the informal] brief."). We therefore affirm the August 11 order denying Johnson's motion for leave to amend and for clarification.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART;*
*AFFIRMED AS MODIFIED IN PART*

4